CHICAGO & N. W. RY. CO. v. WILLIAM S. STEIN CO.

(District Court, D. Nebraska, Lincoln Division. February 17, 1915.)

No. 114.

CARRIERS ☞196—CARRIAGE OF GOODS—FREIGHT CHARGES—DEFENSES.

    In an action by an interstate carrier for freight charges, the shipper cannot set off a claim for injuries to the goods, for the freight can be paid only in cash, and such set-offs would open the door to fraud and discrimination.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 879–887; Dec. Dig. ☞196.]

At Law. Action by the Chicago & Northwestern Railway Company against the William S. Stein Company, a corporation, which counterclaimed. On motion to strike out the counterclaim. Motion granted.

A. A. McLaughlin, for plaintiff.

Tibbets, Anderson & Baylor, for defendant.

THOMAS C. MUNGER, District Judge. This action was brought to recover for charges for freight transported in interstate commerce. The answer sets up a claim for damages accruing to defendant by reason of the negligence of the carrier in transporting articles in interstate commerce. A motion has been presented by the railway company to strike out that part of defendant's answer, because it constitutes no defense in the plaintiff's cause of action.

Under the acts of Congress relating to the transportation of interstate commerce, as construed by the Supreme Court of the United States in Louisville & Nashville Railroad Company v. Mottley, 219 U. S. 467, 31 Sup. Ct. 265, 55 L. Ed. 297, 34 L. R. A. (N. S.) 671, and in Chicago, Indianapolis & Louisville Railway Company v. United States, 219 U. S. 486, 31 Sup. Ct. 272, 55 L. Ed. 305, the carriers cannot accept in payment for the transportation of interstate commerce anything but cash, and no contract, however fair, looking to the payment for such services by an exchange of commodities can stand. If a shipper may be permitted to set off, in an action for freight earned by the carrier, claims for damages which the shipper alleges that he has sustained the court must prevent the usual right to make compromises of such suits, and must undertake the impossible task of holding the carrier to diligence and good faith in preparing and presenting its defenses, in order to prevent the granting and receiving of rebates by insidious agreement between the parties with reference to the disposition of the suit.

The public policy evinced by the acts of Congress relating to interstate commerce requires the denial of the right to set off in such cases, leaving the shippers an independent action to enforce any rights that belong to them.

The motion will be sustained.