### WELLS FARGO & CO. v. CUNEO.

(District Court, S. D. New York. February 10, 1917.)

COURTS ⬩⇒289—JURISDICTION OF FEDERAL COURTS—CASES ARISING UNDER FEDERAL LAWS.

An action for freight charges on an interstate shipment is an action arising under the Interstate Commerce Act (Act Feb. 4, 1887, c. 104, 24 Stat. 379), within Judicial Code (Act March 3, 1911, c. 231) § 24, subd. 8, 36 Stat. 1092 (Comp. St. 1916, § 991, subd. 8), giving the District Court original jurisdiction of suits and proceedings arising under any law regulating commerce, as every such action is based upon the act itself, plus the rulings of the Interstate Commerce Commission in fixing rates.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 830.]

Action by Wells Fargo & Co. against Frank Cuneo. On motion to dismiss. Motion denied.

See, also, 241 Fed. 727.

Charles W. Stockton, of New York City (Branch P. Kerfoot, of New York City, of counsel), for plaintiff.

Tipple & Plitt, of New York City (Arthur W. Clement and Wilson E. Tipple, both of New York City, of counsel), for defendant.

AUGUSTUS N. HAND, District Judge. Defendant moves to dismiss this action upon the ground that the court has no jurisdiction. The complaint is for $780.70, freight charges. Section 24 of the Judicial Code provides that the District Court shall have original jurisdiction of:

"8. All suits and proceedings arising under any law regulating commerce, except those suits and proceedings exclusive jurisdiction of which has been conferred upon the Commerce Court."

The Interstate Commerce Commission is charged with the enforcement of the act to regulate commerce. The rates are fixed by the In-

terstate Commerce Commission, and every action to recover freight is therefore based upon the act itself, plus the rulings of the Commission in carrying out the same.

It has been said, both in the Supreme Court and the lower federal courts, in defining what may be regarded as a suit arising under the Constitution or law of the United States, that a suit does not so arise unless it really and substantially involves a dispute or controversy as to the effect or construction of the Constitution or law. Such language, however, is not applicable to cases where the right relied upon by the person bringing the suit was based upon a federal law, but to cases where that law was not directly and necessarily the basis of the action.

It is urged that in this action there is no question as to an overcharge for freight, and that no question involving the construction of the Interstate Commerce Act has arisen. I, however, agree with the opinion expressed by Judge Amidon in the case of McGoon v. Northern Pacific Ry. Co. (D. C.) 204 Fed. 998, that where a federal law creates a right of action, and "a suit is brought to enforce that right, such a suit arises under the law creating the right." Where the complaint is based upon a contract between parties that only remotely depends upon federal law, the action should be brought in the state court.

The opinion of Judge Reed in the case of Storm Lake Tub & Tank Factory v. Minn. & St. Louis Ry. Co. (D. C.) 209 Fed. 895, is an interesting discussion, in which the court reaches the opposite view. I think, however, the weight of authority and the best-reasoned cases support the jurisdiction of the court to entertain this action. McGoon v. Northern Pac. Ry. Co. (D. C.) 204 Fed. 998; Atch., T. & S. F Ry. Co. v. Kinkade (D. C.) 203 Fed. 165; Illinois Cent. R. R. Co. v. Segari (D. C.) 205 Fed. 998; Smith v. Atch., T. & S. F. Ry. Co. (D. C.) 210 Fed. 988; Alabama, etc., Ry. Co. v. American Cotton Oil Co., 229 Fed. 11, 143 C. C. A. 313.

The motion to dismiss is denied.