## WELLS FARGO & CO. v. CUNEO.

(District Court, S. D. New York. April 9, 1917.)

1. COURTS ☞96(1)—PRECEDENTS—DECISIONS OF SAME COURT.
    Where the District Court's jurisdiction is doubtful, comity and uniformity of decision requires that a decision of a different judge of the same court shall be followed.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 325, 327, 334.]

2. CARRIERS ☞194—CHARGES—PERSONS LIABLE.
    The agreement by a carrier with a shipper that it would collect its transportation charges from the consignee, and from no other person, did not prevent recovery from the shipper; the general rule being that the consignor is primarily liable.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 870–872.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. CARRIERS ⊙⇒194—CHARGES—PERSONS LIABLE.
    Where a consignee refuses to pay 'transportation charges, an interstate carrier may look to the shipper, and is not required to sue the consignee.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 870–872.]

4. CARRIERS ⊙⇒196—CHARGES—ACTIONS—COUNTERCLAIM.
    Act Feb. 4, 1887, c. 104, § 6, 24 Stat. 380, as amended by Act June 29, 1906, c. 3591, § 2, 34 Stat. 586 (Comp. St. 1916, § 8569), prohibiting any` carrier from charging, collecting, or receiving a greater, less, or different compensation than the rates and charges specified in its tariffs filed, and prohibiting the refund of any portion thereof, in any manner or by any device, does not prevent a counterclaim by a shipper for damages to the shipment in the carrier's action for its transportation charges.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 879–887.]

At Law. Action by Wells Fargo & Co. against Frank Cuneo. On demurrer by plaintiff to the first affirmative defense and to the counterclaim, and on motion by defendant to dismiss for want of jurisdiction. Motion denied, demurrer to separate defense sustained, and demurrer to counterclaim overruled.

See, also, 241 Fed. 726.

Charles W. Stockton and Branch P. Kerfoot, both of New York City, for plaintiff.

Arthur W. Clement and Wilson E. Tipple, both of New York City, for defendant.

MAYER, District Judge. The action is by plaintiff express company to recover express charges on a shipment made by defendant through plaintiff from New York to San Francisco. The complaint alleges that plaintiff is a common carrier engaged in interstate commerce, has duly filed its schedules of rates with the Interstate Commerce Commission, the delivery of the shipment in question by defendant to plaintiff at New York, the transportation of the shipment to San Francisco, and its delivery to the consignee. It also alleges demand upon the consignee for payment of the express charges and the consignee's refusal to pay same, and demand upon the defendant for payment of said charges and the refusal of defendant to pay same.

The answer interposes several denials, and then sets up as a separate defense the allegation that the plaintiff agreed to collect its charges from the consignee and from no other person. The answer also sets up as a further defense, and by way of counterclaim, allegations that the shipment was negligently damaged by the plaintiff while in the plaintiff's possession, and demands judgment for such damage.

Plaintiff has demurred to the separate defense, and to the matter pleaded as a further defense and by way of counterclaim.

There is diversity of citizenship, but, as the amount involved is only $780, defendant attacks the jurisdiction of the court, and asserts that the action does not fall under section 24 of the Judicial Code, which provides in part as follows:

"8. All suits and proceedings arising under any law regulating commerce, except those suits and proceedings exclusive jurisdiction of which has been conferred upon the Commerce Court, Act March 3, 1911, c. 231, 36 Stat. 1092 (Comp. St. 1916, § 991 [8])."

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] 1. Jurisdiction. Judge Augustus N. Hand heretofore decided this question adversely to defendant. See opinion dated February 10, 1917, 241 Fed. 726. Defendant now calls attention to the opinion, dated February 16, 1914, of Judge Ward, sitting in District Court, in Orr v. Baltimore & Ohio Railroad Co., 242 Fed. 608, and to Yazoo Ry. Co. v. Zemurray, 238 Fed. 789, —— C. C. A. —— (C. C. A. 5th Circuit).

There is not a uniformity of opinion on this subject, and Judge Hand, after weighing the authorities, concluded that the better reasoning sustained jurisdiction. He has informed me that he considered Judge Ward's opinion, but as Judge Ward did not positively pass on the question, but merely held that "the decisions make it very doubtful whether the suit does arise out of a law of the United States, within the meaning of section 24, subdivision 8, of the Judicial Code." Judge Hand, by independent investigation, arrived at his conclusion. In Yazoo Ry. Co. v. Zemurray, supra, the court, as in the case before Judge Ward, could place its decision on other grounds, and so, referring to the question of jurisdiction, it stated: "* * * We doubt the jurisdiction of the court. * * *" As the question is doubtful, and as I am not clearly convinced that this court lacks jurisdiction, comity and uniformity of decision in the same court require that I should follow Judge Hand, and consequently this motion is denied.

[2, 3] 2. Demurrer to Separate Defense. Briefly summarized, this defense sets forth that the shipment was "delivered by the defendant and accepted by the plaintiff under a lawful agreement that the plaintiff would collect its lawful charges for transporting the same from the consignees thereof and *from no other person.*" This defense cannot avail defendant under Atlas S. S. Co. v. Columbian Land Co., 102 Fed. 358, 42 C. C. A. 398; Portland Flouring Mills Co. v. British & Foreign Marine Ins. Co., 130 Fed. 860, 65 C. C. A. 344; Jobbitt v. Goundry, 29 Barb. (N. Y.) 509; Central Railroad of New Jersey v. MacCartney, 68 N. J. Law, 165, 52 Atl. 575; and other cases unnecessary to cite.

"The rule is that the consignor is the party primarily liable for the payment of the freight, and this rule is enforced, independent of the question whether the consignor is the owner, and regardless of the question whether the payment of freight is secured by a lien on the cargo, because the consignor is the party for whom the service is performed." Portland Flouring Mills Co. v. British & Foreign Marine Ins. Co., supra.

It is urged, however, that the defense is good because, inter alia, the complaint alleges merely that the consignee has refused to pay, and does not allege that the charges cannot be collected from the consignee. This refusal, if anything, makes the plaintiff's case stronger. It was the duty of plaintiff, as a carrier in interstate commerce, to collect the charges, and, if the consignee will not pay, plaintiff is not called upon to sue the consignee, but may look to the shipper.

Demurrer sustained.

[4] 3. The demurrer to the counterclaim is interposed on the ground that, in an action by an interstate carrier to recover its charges, a defendant cannot counterclaim for damages to the shipment, because

the Interstate Commerce Act requires the carrier to collect its lawful charges and to accept only money in payment. The act to regulate commerce, approved February 4, 1887, as amended, provides (section 6) as follows:

"No carrier, unless otherwise provided by this act, shall engage or participate in the transportation of passengers or property, as defined in this act, unless the rates, fares, and charges upon which the same are transported by said carrier have been filed and published in accordance with the provisions of this Act; nor shall any carrier charge or demand or collect or receive a greater or less or different compensation for such transportation of passengers or property, or for any service in connection therewith, between the points named in such tariffs than the rates, fares, and charges which are specified in the tariff filed and in effect at the time; nor shall any carrier refund or remit in any manner or by any device any portion of the rates, fares, and charges so specified, nor extend to any shipper or person any privileges or facilities in the transportation of passengers or property, except such as are specified in such tariffs: Provided, that wherever the word 'carrier' occurs in this act it shall be held to mean 'common carrier.'"

See Louisville & Nashville Railroad Co. v. Mottley, 219 U. S. 467, 31 Sup. Ct. 265, 55 L. Ed. 297, 34 L. R. A. (N. S.) 671; Chi., Ind. & L. Ry. Co. v. United States, 219 U. S. 486, 31 Sup. Ct. 272, 55 L. Ed. 305. In support of the demurrer, plaintiff cites Illinois Central R. Co. v. W. L. Hoopes & Sons et al. (D. C.) 233 Fed. 135, and Chicago & N. W. Ry. Co. v. Stein Co. (D. C.) 233 Fed. 716. I regret that I am unable to follow these cases, and it may be pointed out in passing that I. C. C. Conference Ruling No. 48, referred to in the Hoopes Case, supra, has been withdrawn since that decision.

That defendant would have the right to begin an independent action to recover for damages to the shipment cannot be denied. It may well be that the parties cannot compromise out of court, but I need not pass on that question. It must be assumed that, when litigants come into a court, they are submitting a real controversy for determination, not by themselves, but by and before a tribunal created and organized for that purpose. It cannot be presumed that the parties will deceive the court, and thus subject themselves to serious consequences, nor that they will compromise the litigation as a mere device to evade the Interstate Commerce Act, and thereby subject themselves to its penalties.

The provisions of the act in question were never intended to deprive a shipper or consignee of his lawful remedies against the carrier for such breaches or wrongful acts as the carrier may have committed. The policy of the law is to settle germane disputes in one litigation, and this counterclaim fully accords with the New York practice in that regard. When the carrier has found a defendant in one jurisdiction and has brought its action there, it would be most unjust to force such a defendant to go to another jurisdiction to assert his rights and claims in an independent action; and if, on the other hand, both parties are in the same jurisdiction, it would be the height of absurdity to require two actions to be brought where the controversy could be disposed of in one. Obviously, if the parties intended to evade the statute by an unlawful compromise, they could do it as easily by the medium of two lawsuits as they could in one.

So that really what the contention comes down to is that the shipper

would be deprived of his rights; for, if the right to counterclaim for damages is denied to him, I cannot appreciate any theory on which he could be permitted to assert precisely the same claim for damages in an independent lawsuit. Indeed, such a construction as plaintiff here urges would give to carriers, under some circumstances, an undue advantage, and might readily work an injustice upon shippers and consignees never contemplated by the statute.

The demurrer to the counterclaim is overruled. Submit order on two days' notice.