### WATERS v. LAKEWOOD UTILITIES CO.

1. CONTRACTS—CONSTRUCTION—QUESTION OF LAW.

Where a written contract provided that the receivers of a railroad company were to furnish the material for a side track, of which they were to remain the owners, and defendant was to pay the cost of construction, *held*, that the finding of the court below that the contract was not ambiguous, and that defendant was to pay only for the labor of constructing said side track, was not erroneous.

2. WORDS AND PHRASES—"CONSTRUCTION"—DEFINITION.

"Construction" means the process or act of constructing, the act of building; erection; the act of devising and forming; fabrication; composition.

3. APPEAL AND ERROR—INCONSISTENT CLAIMS.

Where plaintiffs claimed upon the trial that the contract was unambiguous and should be interpreted by the court,

which view was accepted by the court, they refused the benefit of any admission of defendant in its answer that evidence should be admitted to explain the writing, which evidence it is now claimed would have shown that the cost of construction was much more than that allowed by the trial judge.

4. SAME—EXCEPTIONS—ASSIGNMENTS OF ERROR—SET-OFF—DEMUR-RAGE.

A claim that under the holdings of the Federal courts, in an action for freight charges, the shipper cannot maintain set-off for damage claims, the court below was in error in allowing set-off for cost of constructing side track against demurrage charges, will not be considered by the Supreme Court, on error, where there is no exception referred to which raises the point, and no specific assignment of error.

Error to Muskegon; Sullivan, J. Submitted June 11, 1918. (Docket No. 87.) Decided September 27, 1918.

Assumpsit by Dudley E. Waters and another, receivers of the Pere Marquette Railroad Company, against the Lakewood Utilities Company for the construction of a side track and for demurrage charges. Judgment for defendant on a directed verdict. .Plaintiffs bring error. Affirmed.

*Charles B. Cross* and *Wallace Foote* (*Parker, Shields & Brown*, of counsel), for appellants.

*Alex. Sutherland*, for appellee.

In so far as the terms of a certain contract executed by the parties are of importance here, they are as follows:

"Agreement, made this 7th day of February, A. D. 1914, between Lakewood Utilities Company, a corporation of the State of Maine, hereinafter for convenience called 'the first party,' and the Pere Marquette Railroad Company (for itself and all companies which now or shall hereafter use its tracks), hereinafter

called 'the second party,' and Frank W. Blair, Dudley E. Waters and S. M. Felton, receivers of the property and business of the said company, hereinafter called 'the receivers.'

"The first party has requested the second party and the receivers to construct one side track to be located at Lakewood, Michigan, connecting with second party's main line 431 feet north of location stake 3,500, and extend in a southeasterly direction 280 feet, for the convenience of the first party in receiving and shipping freight. In consideration of the representations, promises and undertakings of the first party and upon the conditions and with the reservations hereinafter stated, the second party and the receivers hereby agree to comply with such request as soon as practicable after the execution of this agreement.

"Wherefore, this writing witnesseth:

"1. Said side track shall be constructed, substantially according to the plan hereto attached ...... feet, or thereabouts, thereof being upon land owned or controlled by the first party, and two hundred eighty (280) feet, or thereabouts, being upon land owned or controlled by the second party and the receivers. The first party hereby represents that it has lawful authority to permit the second party, the receivers, and other companies using their tracks to construct and use said side track according to said plan and the terms of this agreement, beyond the limits of the second party's and the receivers' premises; and the first party hereby grants to the second party, the receivers, and such other companies, the right to construct and use said side track in accordance with the terms thereof, and hereby agrees to indemnify and save the second party, the receivers, and such other companies, harmless of and from all damages, costs and expenses that may be suffered or incurred by either on account of any claim of trespass or other claim by any third party or parties, arising from the construction or use of said side track.

"2. The material for the construction of said side track shall be furnished by the second party and the receivers. First party agrees to pay to the second party and the receivers, in advance of the construction of said side track, the sum of $565.91, the estimated

cost thereof, and in case the actual cost shall exceed said sum, it will on demand pay the balance of such cost to second party and the receivers. Second party and the receivers agree that in case the actual cost shall be less than said sum, they will refund the difference to the first party. The said side track, including ties, rails, switches and crossing material, if any, shall be and remain the property of the second party, the receivers and its or their assigns, and under its or their exclusive control, except as herein otherwise stated; and the second party, the receivers and such other companies, shall have the right to use the whole or any part of said side track for other business than that of the first party, when it will not interfere with the first party's business, without any allowance therefor to the first party and without restriction except as herein stated."

The contract in other respects is calculated to secure to the plaintiffs the carriage of freight, in and out, for defendant, the use by plaintiffs of the side track. Defendant paid the amount of the estimated cost. The side track was in fact constructed before the written agreement was executed. The actual cost, including materials, was $619.52. The actual cost for labor was $128.70. To recover the difference between the total cost and the sum paid, and to recover certain items of demurrage, about which there is now no dispute, this action was begun.

Defendant, regarding the contract as ambiguous in meaning, gave notice with the plea that it would prove and insist in its defense that it was understood and agreed that the sum advanced by it to pay for the construction was to be used to pay for the actual cost of the labor and ties and other material of a temporary and perishable character only, and that accordingly it would show that the actual cost of construction was $335.63. Plaintiffs, with whom the court agreed, maintained that the contract was not ambiguous, and its meaning was for the court. Upon the subject the learned trial judge said:

"Now, there is the agreement. The material was to be furnished by the railroad company. And the further provision in this agreement that provides that the material shall remain the property of the Pere Marquette Railroad Company, and the actual cost of construction would be what the expense would be of putting this side track down, and, as the court construes it, it only means the labor of putting the side track in, and that is what the contract speaks for itself and that is what the court construes the contract to be.

"Now, there was paid, according to this agreement, $565.91, and the cost of the labor with the interest is $141.57, so that there would be left, according to the contract, a difference to be paid to the defendant of that item of $424.34, with interest from the time that the money was paid, and that interest is $91.93, according to the computation, making the whole amount due to the defendants at this time, $516.27, if that was all there was to this lawsuit, but besides that the plaintiff claims demurrage amounting to $128, and against that that there was no off-set. The demurrage with the interest from the date it was due is $26.60, making $154.60 to be deducted from $526.27. We are settling this lawsuit, and there is due from— there is due to the defendant, the sum of $361.67, so your verdict should be for the defendants, you find that there is due to the defendants the sum of $361.67, and you do that by direction of the court."

A verdict and judgment for defendant followed.

Plaintiffs, appellants, contend here (1) that by the terms of the contract the entire cost of the side track is chargeable to defendant, (2) that, in any event, there can be no set-off to its demand for demurrage.

OSTRANDER, C. J. (*after stating the facts*). Admitting appellants' contention that the contract is not ambiguous, is not open to explanation by evidence, and that its meaning is to be found by the court, the construction placed upon it by the court may be sustained. The writing recites a request made by the

defendant "to construct one side track," the agreement is that it shall be constructed, that the materials for construction shall be furnished by the plaintiffs, and shall be and remain the property of the plaintiffs. To construct is to bring together, to put together, the constituent parts of something in their proper place and order; to build; to form; to make; as, to construct an edifice. Synonyms are, to build; to erect; form; compile; make; fabricate. Construction means the process or act of constructing, the act of building; erection; the act of devising and forming; fabrication; composition. *Vide* Webster's Inter. Dict. If nothing had been said about materials, it would have been open to question by whom they were to be furnished, and perhaps the necessary inference would be that defendant was not to furnish them. But the agreement is that plaintiffs are to furnish the materials for construction and to be and remain owner of them. To furnish is not, necessarily, to give, nor, necessarily, to receive pay for what is furnished. To furnish is to supply with anything necessary, useful or appropriate; to provide; to equip; to fit out; to fit up; adorn. A secondary meaning is to give something. *Vide supra.* A thing useful to both parties was to be constructed, materials to be furnished by the plaintiffs, who remained owners of them, construction to be paid for by defendant. The single provision which may seem to negative the idea that only cost of construction was to be charged to defendant is the one fixing the estimated cost. But if we exclude evidence of what in fact the cost of labor, and the cost of materials, was, the apparent difficulty is obviated, because, if the estimated cost was too much a refund was provided for. Upon plaintiffs', appellants', theory then, it does not appear that error was committed upon this branch of the case.

Plaintiffs' general and main contention, too, nega-

tives any idea of accepting and using for their benefit the statement in the notice given by defendant that no more than $335.63 was the sum to be paid for the side track. They refused the benefit of the fact (assuming that it is an admission) upon the trial. In substance, the portion of the notice referred to asserts that extrinsic evidence ought to be received to explain the writing, and, being received, it would appear that the construction as agreed upon cost no more than $335.63, a position which plaintiffs at the trial denied and here deny. They insisted that the contract was to be interpreted by the court, according to its terms. They cannot maintain both positions.

The effect of the action of the trial court was to allow defendant to pay a claim for demurrage by setting off its cross-demand against plaintiffs. The Federal courts have held that in an action for freight charges the shipper cannot maintain a set-off for damages but must bring an independent action. *Illinois Cent. R. Co.* v. *Hoopes & Sons,* 233 Fed. 135; *Johnson-Brown Co.* v. *Railroad,* 239 Fed. 590; *Chicago, etc., R. Co.* v. *Stein Co.,* 233 Fed. 716. The reason for the rule of the Federal courts is based upon the laws forbidding rebates and discriminations and the facility with which, under the guise of a claim for damages, a rebate of freight charges might be secured. Appellants discuss this point, contending that in principle no distinction can be made between a demand for freight and a demand for demurrage, but there is no exception referred to which raises the point and no specific assignment of error. Therefore, it will not be considered.

The judgment must be affirmed, and in this view the court below was right in awarding costs to defendant.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.