CHICAGO & N. W. RY. CO. v. E. C. TECKTONIUS MFG. CO.

(District Court, E. D. Wisconsin. February 2, 1920.)

CARRIERS ⟡196—SHIPPER CAN ASSERT COUNTERCLAIM FOR DAMAGES TO SHIPMENT IN ACTION FOR FREIGHT.

In an action by a railroad company for freight charges, defendant *held* entitled to counterclaim for damages for goods lost on other shipments.

At Law. Action by the Chicago & Northwestern Railway Company against the E. C. Tecktonius Manufacturing Company. On demurrer to counterclaim. Overruled.

Plaintiff sues to recover tariff charges, accruing to it and connecting carriers on certain freight transported for defendant. The latter, by counterclaim, seeks to recover damages for loss of freight intrusted on other occasions to plaintiff for transportation. Plaintiff demurs to the counterclaim as not pleadable in this action.

R. N. Van Doren, of Milwaukee, Wis., for plaintiff.
Bottum, Bottum, Hudnall & Lecher, of Milwaukee, Wis., for defendant.

GEIGER, District Judge. Concededly the parties could, by independent actions, assert their grievances; and ordinarily whichever sued first thereby furnished to the other the occasion to assert his

or its by counterclaim. It is urged that the counterclaim by the shipper should not be allowed, because thereby he may defer, and therefore, if successful, may defeat, the discharge of the carrier's obligation under the law to collect tariffs in money without abatement in any form, or, as is further suggested, he thereby may decline to pay an admitted obligation in order to set off an unliquidated claim, thus accomplishing through legal proceedings a thing forbidden to be done by agreement in any event; that the practice of permitting set-offs would open the door to collusive compromise, with the intent to evade tariff obligations, etc. The parties cite Railway Co. v. Hoopes (D. C.) 233 Fed. 135, Railway Co. v. Stein (D. C.) 233 Fed. 716, and Johnson v. Railway Co. (D. C.) 239 Fed. 590, in support of the demurrer, and Wells Fargo Co. v. Cuneo (D. C.) 241 Fed. 729, contra.

Of course, as indicated, if, in an action by the carrier for the charges, a shipper cannot counterclaim for a cause of action ordinarily pleadable as such, then, as a corollary, in an action by the shipper, the carrier should not be permitted to counterclaim on a cause of action for tariff charges. This must be so, if, as a basis of the proposition, there be the asserted necessity of eliminating all opportunity to collude or compromise, or to set off liabilities in contravention of the duty to collect tariffs in money. Now, when the matter is thus viewed, we appreciate that there is no ground for differentiating one suit brought by either party, wherein the other counterclaims, from distinct and separate suits by each against the other; the one furnishing, the other excluding, inherently, occasion for or possibility of compromising, colluding, or in fact setting off. Indeed, when we consider litigation as a cover or device for accomplishing any one of these objects, the latter means might prove far more effective. Therefore, if the prohibited object may be accomplished as well in the latter as in former situation, its possibility is not relevant as a basis for the conclusion that in the one, and not the other, the procedural right must be denied. Plainly there is no ground for treating suits by one wherein the other counterclaims as presumptively collusive; and the mere circumstance that it may result procedurally in setting off the amount due or awarded to the other, thus leaving a balance to be compulsorily satisfied, will not, in my judgment, prima facie or otherwise (unless actual fraud or collusion be proved), violate the principle announced in Louisville, etc., Ry. Co. v. Mottley, 219 U. S. 467, 31 Sup. Ct. 265, 55 L. Ed. 297, 34 L. R. A. (N. S.) 671.

An order may be entered overruling the demurrer to the counterclaim, with leave within 20 days to reply.