# New York, Susquehanna & Western Railroad Company, Appellant, *v.* Ruthven.

*Railroads—Carriers—Charges—Counterclaim—Set-off.*

A failure by a railroad company to accept cars, and the damages resulting therefrom, cannot be made the basis of a counterclaim, in a suit by the carrier for freight charges on other shipments.

In order to permit the set-off of a counterclaim, the claim on the one hand, and the counterclaim on the other, must arise out of the same transaction, and both in their nature must be ex contractu.

Where the right of action is based upon the duty of the carrier to accept all shipments, the counterclaim arises under the contract of society, and not by reason of any engagement between the carrier and the shipper. While it is true that the duty to transport is owing to all men, because of the railroad's relation to the Commonwealth as a public carrier, yet the wrong done is its refusal to transport, and trespass is the proper action.

Under such circumstances, the damages, consequent from the refusal to accept the cars, cannot be set off against the legitimate freight charges on a different shipment.

Argued March 2, 1926. Appeal No. 26, February T., 1926, by plaintiff, from judgment of C. P. Lackawanna County, October T., 1916, No. 297, in the case of New York, Susquehanna & Western Railroad Company v. R. C. Ruthven. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit to recover transportation charges. Before NEWCOMB, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of defendant in the sum of $1221.91.  Plaintiff appealed.

*Errors assigned* were answers to various requests for findings of fact and conclusions of law, and the judgment of the court.

*N. H. Cowdrey,* and with him *Knapp, O'Malley, Hill & Harris,* for appellant.—A counterclaim cannot be set off against a carrier's charges for transportation because it is against public policy and would open the door to fraud:  Louisville & Nashville R. R. Co. v. Mottley, 219 U. S. 467; Chicago, Ind. & Louisville Rly. Co. v. U. S., 219 U. S. 486; Illinois Cent. R. Co. v. W. L. Hoopes et al., 233 Fed. Rep. 135; Chicago & N. W. Ry. Co. v. William S. Stein Co., 233 Fed. Rep. 716; Johnson-Brown Co. v. Del. L. & W. R. Co., 239 Fed. 590; Adams Express Co. v. Albright Bros., 75 Pa. Superior Ct. 410; Davis Director General of R. R. v. Balistoere, 1 D. & C. 367; Vol. 8, U. S. Compiled Statutes, page 9084; U. S. Compiled Statutes, 1918, page 1370 C 708 Sec. 1, 32 Stat. 847.

The action was one in assumpsit to recover the plaintiff's transportation charges.  A counterclaim set-off is an action in tort, and cannot be used as a set-off in an action of assumpsit:  Schuler's Bailments & Carriers, page 392, Sec. 383, 2nd Ed.; Pitt's Cinn. & St. L. R. W. Co. v. Morton, 28 Amer. Rep. 682; Pennsylvania Practice Act of May 25, 1887, P. L. 271; Ahl v. Rhoads, 84 Pa. 319, page 325; Jenkins v. Rush Brook Coal Co., 205 Pa. 166.

*R. W. Archbald,* for appellee.—The defendant is entitled to set off the extra expenses which he incurred against the freight rates which the plaintiff is seeking to recover:  Wells Fargo & Co. v. Cuneo, 241 Fed. 727; Payne v. Clarks, 271 Fed. 525.

OPINION BY TREXLER, J., July 8, 1926:

This was an action in assumpsit brought by the plaintiff, a common carrier, to recover the charges between June and December, 1914, for the transportation of ninety-four cars at $5 a car between points on a spur of appellant's main line, known as Jermyn No. 1 and Jermyn No. 2, in Lackawanna County, Pennsylvania. With a slight reduction, the claim of the plaintiff was admitted by the defendant who set up a counterclaim for $900.45, based on the plaintiff's refusal to transport sixty-five cars between August and December, 1914, between the same points.

By agreement, the trial was had by the court without a jury and the trial judge allowed the defendant's counterclaim and entered judgment accordingly.

There are two questions which have been submitted to us. The first is whether a counterclaim for damages rising out of the refusal of a common carrier to accept merchandise for transport can be set-off against a common carrier's claim for transportation charges on an intra-state shipment. Does such an allowance of a counterclaim come within the prohibition of the State Constitution and of the statutes which prohibit discrimination? Although we do not decide the question, it may be of interest to note that in Adams Express Company v. Albright Brothers, 75 Superior Ct. 410, this court decided that "in an action by an express company, for express charges made under existing tariffs duly filed, a defendant cannot set-off a claim against the plaintiff for goods lost or damaged in transit." It was there held following the federal decisions that payment for the transportation of interstate commerce required cash and that public policy requires the denial of the right to set-off in such cases, leaving the shippers an independent action to enforce any rights that belong to them. In support of this contention, the cases of Mottley, 219 U. S. 467, and Chicago & N. W. Ry. Co. v. William S. Stein Co., 233

Fed. 716, were cited and to which may be added, Illinois Central R. R. Co. v. W. L. Hoopes & Son, 233 Fed. 135, and Johnson-Brown Co. v. Delaware Lackawanna R. R. Co., 239 Fed. 590. The question being a federal one, this court followed the federal decisions. See L. & N. R. R. Co. v. Rice, 247 U. S. 201; Adams Express Company v. Crominger, 226 U. S. 491. However, there have been federal decisions to the contrary: C. & N. W. R. R. Co. v. Tectonius Mfg. Co., 262 Fed. 715; Payne v. Clarke, 271 Fed. 525; Wells Fargo Co. v. Cuneo, 241 Fed. 727, and the authority of the Stein case has been somewhat shaken. The present case being an intra-state case, it is urged that the federal cases should not necessarily be followed and we should feel at entire liberty to follow our own views in the matter, irrespective of our former decision in Adams Express Company v. Albright Brothers, supra, especially so since, as above noted, the federal authorities are not unanimous. We, however, refrain from going into the question, for our conclusion on the second question presented renders such action unnecessary.

It is. Can the claim for failure to accept the cars tendered by the defendant, a common carrier, for shipment be made the basis of a counterclaim against a suit for freight charges irrespective of the question of discrimination raised in the first point? We answer this in the negative. There is no doubt that in cases where goods are damaged in transit or lost, the plaintiff may waive the tort and sue in assumpsit. "The shipper may, at his election, bring either an action ex contractu or an action ex delicto." Eckert v. Penna. R. R., 211 Pa. 267. The action may be in assumpsit upon the contract to convey or the party may be sued in tort for a neglect or misfeasance in the execution of the contract. It is very plain that if the defendant could have maintained an action in assumpsit against the plaintiff for his failure to receive and transport the

cars, it would be available, Act of May 14, 1915, P. L. 483, Section 14, but the trouble with the counterclaim is that the claim arises under the contract of society and not by reason of any engagement between the defendant and the railroad company. The duty to transport under proper regulations is owing to all men desiring it and arises by reason of plaintiff's relation to the Commonwealth as a public carrier. Plaintiff may maintain his action, but it is for the wrong done to him by the carrier by its refusal to transport, and trespass is the proper form. The right to set-off cannot arise out of a pure invention. When the tort is waived, something must be left of the action. In this case there is no contract either expressed or implied to fall back on. As this court said in Bratspis v. Kaplan, 82 Superior Ct. 542, when the defendant abandons the tort, there is nothing left for him. "The change from the action of trespass to assumpsit is not a mere fiction, but the position of the litigant changes, and the rules applicable to the latter form of action apply." Where there has been an express contract, he may sustain an action of assumpsit although the breach be only a trespass, but unless there has been such contract, the plaintiff must resort to another form of action: Township of. Girard v. Borough of Girard, 86 Pa. 23.

The appellee, however, raises the question that this matter has not properly been before the lower court and therefore cannot be considered here. The plaintiff did not raise it in his answer to the counterclaim. An examination of the record shows that the court considered it and distinctly found that an action of assumpsit would lie on the defendant's claim. Some years after the action was brought, the affidavit of defense and counterclaim were filed and there was a motion made for judgment in which the point was then urged that the counterclaim was illegal, but the court declined to enter judgment because the parties had signed a stipulation to the effect that the case would be tried

by the court without a jury. There is nothing in the record to indicate that when the legality of the counterclaim was discussed there was any objection made as to any departure from the pleadings. That the plaintiff raised the question is very evident, for the court expressly found as a fact that "The claim on the one side and the counterclaim on the other, must be held to arise out of one and the same transaction; and both in their nature to be ex contractu." When a party takes no advantage of such a matter of pleading at the time of the trial, we are not required to do so in the appellate court: McBride v. W. Pa. Paper Co., 263 Pa. 348. In justice to the plaintiff, such should be our attitude in this case for had the objection been raised, the plaintiff no doubt, would have asked leave to amend. Furthermore, the counterclaim of the defendant being essentially in trespass although interposed in a suit in assumpsit, no answer was required under the Practice Act of 1915, supra.

The lower court found as we noted above, that the shipment of these cars constituted one transaction. There is no evidence in this case which justifies that conclusion. No doubt, the court had in mind the decisions of which Glennon v. Lebanon Mfg. Co., 140 Pa. 594, is one, where it is held that "unliquidated damages arising from a tort, in a separate transaction, cannot be set-off in assumpsit"; but where the negligence arises in the performance of the very contract sued upon, such damages may be shown in defense. The charge in this case was $5 per car for transportation. The cars were shipped at different dates. It is common knowledge that railroads bill each car by number and weight to the customer, except in very exceptional cases which afford no parallel to the one before us, and the plaintiff's statement which is not denied, that the defendant promised in "respect

to each of the said shipments handled by the plaintiff that he would pay the plaintiff the sum of $5,'' bears this out.

The judgment is reversed. The record is remitted with the instructions that the judgment be entered for the plaintiff for the sum heretofore found due with interest and without deduction by reason of defendant's counterclaim.