ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, RESPONDENT, v. FRED MORGAN ET AL., APPELLANTS.*

In the Springfield Court of Appeals.   Opinion filed August 13, 1927.

*Corpus Juris-Cyc. References: Carriers, 10CJ, p. 449, n. 65 New; p. 464, n. 96; p. 472, n. 2.

*Von Mayes* for appellants.

44

*E. T. Miller* and *Ward & Reeves* for respondent.

BRADLEY, J.—Plaintiff sued to recover demurrage charges on cars of silica, gravel and sand shipped to defendants at Hayti, Mo., from Bloomfield and Pitt, Mo. Defendants answered by a general denial, and a plea that if any of the cars were not unloaded within the time allowed the delay was due to the bunching of the cars by plaintiff or to weather conditions. Also defendants filed a counterclaim seeking to recover damages alleged to have been sustained on account of the failure of plaintiff to deliver the cars at Hayti within a reasonable time after receiving them for shipment at Bloomfield and Pitt. On motion the counterclaim was stricken out. The cause was referred and when the report of the referee was made it was approved and judgment given against defendants in accordance with the report of the referee.

The only question here is the correctness of the action of the court in striking out the counterclaim. The grounds set out in the motion to strike are: (1) That plaintiff's cause of action is based upon freight charges due it as a common carrier of freight and in such case a counterclaim will not lie; (2) that the freight charges sued for are the legally published tariff charges approved by the Public Service Commission of Missouri and by the Interstate Commerce Commission and that the counterclaim is no defense; (3) that the counterclaim does not grow out of the same transaction as pleaded in plaintiff's petition; and (4) that the counterclaim wholly fails to state facts sufficient to constitute a counterclaim and fails to state any cause of action.

Will a counterclaim in such an action as here lie? Demurrage charges are a part of the transportation charges (Hines v. Richardson, 290 Fed. 162), hence we may reason the question presented the same as though plaintiff's action were one to recover for part of freight charges. Demurrage charges on intrastate shipments are regulated by the Public Service Commission. [Sec. 10447, R. S. 1919.] Like charges, of course, on interstate shipments are regulated by the Interstate Commerce Commission. Unjust discrimination and unreasonable preference between intrastate shippers are prohibited by sections 10442 and 10443, Revised Statutes 1919.

It is contended that to permit a counterclaim by a shipper in an action by a common carrier to recover transportation charges would open the door to fraud and collusion and create an opportunity for a recurrence of conditions which at one time "startled the nation when it was found that favorite shippers were getting rich upon the rebates granted by carriers." [Illinois Central Railway Co. v. Hoopes & Sons, 233 Fed. 135.] The case cited and the following hold that in an action by a carrier against a shipper for transportation charges on an interstate shipment a counterclaim will not lie. [Bush v. Keystone Driller Co., 199 Mo. App. 152, 199 S. W. 597; Chicago & N. W. Ry. Co. v. Stein Co., 233 Fed. 716; Johnson-Brown Co. v. Delaware, L. & W. R. Co., 239 Fed. 590; Delaware, L. & W. R. Co. v. Henry Nuhs Co., 111 Atl. (N. J.) 223.] These cases are bottomed upon the theory that to permit a counterclaim to be 'interposed would open the door to fraud and discrimination contrary to law. [Sec. 3, Mason's Code, Title 49, sec. 2.]

On the other hand it has been held that a counterclaim may be pleaded in defense in an action by a carrier for transportation charges. [See Wells Fargo & Co. v. Cuneo, 241 Fed. 727; Chicago & N. W. Ry. Co. v. Tecktonius Mfg. Co., 262 Fed. 715; Payne v. Clarke, 271 Fed. 525; Pennsylvania R. Co. v. Bellinger, 166 N. Y. Supp. 652; Louisville & N. R. Co. v. Waller & Co., 159 S. W. (Ky.) 590; New York Central R. Co. v. Federal Sugar Refining Co., 194 N. Y. Supp. 467. See, also, 10 C. J. 448.]

Our statute, referred to, supra, prohibiting unjust discrimination was intended to eliminate the same evils within its scope of operation as was the Federal statute prohibiting unjust discrimination within its scope. The same reasons applied in the Federal courts in reaching the conclusion that a counterclaim will or will not lie in an action by a carrier to recover transportation charges on an interstate shipment are equally applicable on the same question when presented in an intrastate shipment. In Bush v. Keystone Driller Company, supra, we held that estoppel could not be pleaded as a defense in an action by a carrier to recover a balance of transportation charges due on an interstate shipment. There we also considered by way of analogy the counterclaim question, and expressed our opinion as to the right to plead a counterclaim in such case. True a counterclaim was not there involved, but quite a similar principle was involved and what we there said respecting the defense of counterclaim we think sound and more in keeping with the letter and spirit of the law denouncing unjust discrimination than are the cases to the contrary.

It is our conclusion that defendants' counterclaim cannot be interposed. Reaching this conclusion it follows that the judgment should be affirmed and it is so ordered. *Cox, P. J.*, and *Bailey, J.*, concur.