## CHICAGO, M. & ST. P. RY. CO. v. PIONEER GRAIN CORPORATION.

District Court, D. Minnesota, Fourth Division. May 11, 1928.

Carriers ⬤═196—Shipper in railroad's action for demurrage charges held entitled to set up counterclaim for railroad's failure to furnish cars.

Shipper, in action by railroad to recover demurrage charges, *held* entitled to set up as a counterclaim cause of action for negligent breach of duty by railroad to furnish cars during times referred to in complaint, particularly where at time of hearing on motion to strike counterclaim cause of action could not be asserted as separate action because of running of statute of limitations.

At Law. Action by the Chicago, Milwaukee & St. Paul Railway Company against the Pioneer Grain Corporation. On motion to strike out defendant's counterclaim. Motion denied.

F. W. Root, C. O. Newcomb, and A. C. Erdall, all of Minneapolis, Minn., for plaintiff.

Harold G. Simpson, of Minneapolis, Minn., for defendant.

JOHN B. SANBORN, District Judge. This is an action brought by the plaintiff to recover demurrage charges. The defendant denies its liability therefor, and as a counterclaim alleges that the plaintiff is indebted to it in the sum of $25,000 for a negligent breach of its duty to furnish cars during the times referred to in the complaint. In its reply, the plaintiff denies the counterclaim. It now moves to strike out the counterclaim.

The cases of C. & N. W. R. Co. v. Stein Co. (D. C.) 233 F. 716, and Illinois Central R. Co. v. Hoopes & Sons (D. C.) 233 F. 135, are authority for the proposition that the cause of action set up as a counterclaim cannot be asserted in this action. Both of these decisions are by District Judges of this circuit. To the contrary are Wells Fargo & Co. v. Cuneo (D. C. N. Y.) 241 F. 727; C. & N. W. R. Co. v. Tecktonious Co. (D. C. Wis.) 262 F. 715; Payne v. Clarke (D. C. Cal.) 271 F. 525.

At best the question is a very doubtful one. Granting that the plaintiff could not by any agreement with the defendant offset its cause of action against that of the defendant, does it necessarily follow that it would be unlawful or contrary to public policy that both causes of action should be submitted at the one time to the same court and the same jury and determined in the one action? It may be that no shipper should be permitted to set up a counterclaim in such a proceeding, but there seems to be no statutory prohibition of it; and if each cause of action is properly determined—and there is certainly no presumption that it will not be—it is difficult to see how discrimination will follow, or how the ultimate result will differ from what it would be if the causes of action were tried separately.

In any event, and particularly in view of the fact that the cause of action set up as a counterclaim by the defendant cannot now be asserted in a separate action because of the running of the statute of limitations, it seems to me that the motion should be denied at this time. After a trial on the merits—if the defendant should prevail with respect to the counterclaim—the question now presented could be finally settled on appeal.

The motion is denied.