129

## Rothrock v. Wolfe.

*Cloyd Steininger* and *Hon. H. W. Cummings*, for plaintiff.
*Andrew A. Leiser*, for defendant.

POTTER, P. J., Sept. 16, 1929.—We had this case before us once before on the sufficiency of the statement. Another one was filed, which is apparently regarded as sufficient, inasmuch as an affidavit of defense to the merits of the case was filed, in which the defendant sets up a counter-claim in the sum of $1495. It may be observed at this juncture that the plaintiff claims from the defendant the sum of $484, with interest from Sept. 1, 1924, for medical services rendered to the wife of the defendant, which is fully itemized and set out in the statement. The plaintiff is a physician and rendered professional services to the wife of the defendant incident to blood-poison contracted in her finger, consisting of professional visits, medicines, amputation of her hand and care incident to it.

The defendant in his counter-claim sets up items for nursing and nurse hire, surgeon's compensation amounting to $495, to which is added an item of $1000 for loss of the services of his wife. The plaintiff sets up that the amount set up in the counter-claim and the counter-claim itself can be sued for only in an action of trespass, and, therefore, cannot be allowed as a counter-claim in an action of *assumpsit*, and that it is barred by the Statute of Limitations, and these are the two questions now before us.

Section 14 of the Practice Act of May 14, 1915, P. L. 483, 485, provides that "In actions of *assumpsit* a defendant may set off, or set up by way of counter-claim against the claim of the plaintiff, any right or claim for which an action of *assumpsit* would lie. . . ." So that the test is, could the defendant bring an action of *assumpsit* against the plaintiff for the items and the amount set out in his counter-claim? In our judgment, he could not. He sets up that the plaintiff is liable to him "for expenditures necessitated by, and damages resulting from, said plaintiff's ignorant, unskillful, negligent and incompetent treatment of his wife, Sarah A. Wolfe." This language itself indicates trespass for a tort, a claim which cannot be set up as a counter-claim in an action of *assumpsit*: Frey *v.* Lehigh Valley Shoe Co., 4 D. & C. 735; Hallowell *v.* Kimink, 2 D. & C. 145; Snell *v.* Nickles, 1 D. & C. 487; Backer *v.* Remov, 69 Pa. Superior Ct. 138; Kelly *v.* Miller, 249 Pa. 314; New York, Susquehanna & Western R. R. Co. *v.* Ruthven, 88 Pa. Superior Ct. 501. And in an action of trespass, no set-off or counter-claim will be allowed: Shrum *v.* Carcase, 2 D. & C. 686. Much less can it be allowed when sounding in tort in an action of *assumpsit*. The defendant's counter-claim sets up professional ignorance, malpractice, unskillfulness, negligence, incompetency and the like,

which form the basis of his claim. These qualities thus complained of surely do not arise from or rest upon any form of a contract. If it should be determined that the plaintiff was competent, that he was faithful in professional attendance upon the defendant's wife and that he performed his duty towards her well and properly, then the sums set up in the counter-claim for nursing and physician's compensation could not be regarded at all, and no obligation for payment or evidence of indebtedness would lie at the plaintiff's door, and in that event, much less could the item of $1000 for loss of the wife's services be entertained. And in considering the counter-claim, we must regard it as a whole, just as the defendant has presented it to us, in its own entirety of $1495.

In the case of Weiner v. Schwartz, 87 Pa. Superior Ct. 551, the counter-claim was allowed, but it is to be noted in that case that the amount of it was fixed and fully determined, being the sum paid out for a new boiler, the old one being worthless. We think there is a great difference between the counter-claim in that case and the one under consideration.

And now we pass on to the consideration of the other objection to the counter-claim, viz., that it is barred by the Statute of Limitations. Counsel for the defendant takes the position that this counter-claim can be presented within six years under the provisions of the Act of March 27, 1713, 1 Sm. Laws, 76, while counsel for the plaintiff claim it can be presented only under the provisions of the Act of June 24, 1895, P. L. 236, or within two years. The injuries complained of by the defendant to his wife occurred on or about May 31, 1924, when her right hand was amputated by Dr. M. L. Raemore as the operating surgeon, and Dr. A. R. Kirch as the anæsthetist, the plaintiff taking no part in the operation. We might well ask, if the operation was performed by two other physicians, the plaintiff taking no part in it, as alleged in the counter-claim, how is he to be held responsible for any malpractice, if any there was? This thought is, however, somewhat afield from the question under consideration at this point in the proceedings.

In the case of Henkel v. Beitsch et al., 22 Dist. R. 895, it is clearly held by Judge Holt, of Beaver County, that injuries, not resulting in death, by the malpractice or negligence of a physician must be brought within two years. The injuries complained of by the defendant in this case are plainly injuries to the person. What is the difference whether the injuries are produced by a wreck of a railroad train, or by an automobile collision, or by striking a person with a bludgeon or with a fist or with any other instrument, or by cutting with a knife or surgeon's instrument? We fail to see any difference, and think the limitation in the case at bar would run under the provisions of the Act of June 24, 1895, P. L. 236. To the same effect is the case of Boinski v. Penman, 9 D. & C. 496, decided by Judge Rossiter, of Erie County, in which it is held that an action for malpractice for treating teeth, brought more than two years after the occurrence of the acts complained of, is barred by the Statute of Limitations.

We have before us the case of Boyd v. Snyder, 207 Pa. 330, but we do not think this case cuts nearly as close to the line of controversy as the last two cases cited. That was a case of malicious prosecution, and the question up for decision was as to the regularity of the issuance of legal process. That is not the question in the case at bar. We have before us the alleged malpractice of a physician alleged to be acting under his best professional skill, which is denied. And then we have the case of Enterline v. Miller, 27 Pa. Superior Ct. 463, which was an action against an attorney for negligence. But in that case no personal injuries were sustained. The client of an attorney may have

lost his money, but no injuries to his person were sustained. We do not think that case applicable. There is quite a difference between injuries to one's person and injuries to the pocketbook. We think the injuries complained of in the defendant's counter-claim are for personal injuries, and in the limitation of action fall under the provisions of the Act of 1895, *supra,* and must be brought within two years from the date of their occurrence.

And the counter-claim must be such as would be entertained if brought by the defendant against the plaintiff and set up in the statement. In other words, it must be such that if the positions were reversed and the defendant was the plaintiff, he could set up what now is his counter-claim as his statement of claim. The same requirements are applicable to both.

The counter-claim set up by the defendant can be introduced in the trial of the case to defeat the plaintiff's recovery, but not as a claim for damages in which there might be a verdict in money for the defendant, for both reasons assigned by the plaintiff.

And now, to wit, Sept. 16, 1929, the plaintiff's reply raising questions of law is sustained and the counter-claim of the defendant is stricken from the records of this case, in so far as it relates to a claim for damages to be recovered in this suit. An exception is noted for the defendant and a bill is sealed.

From A. Francis Gilbert, Middleburg, Pa.