## MICHIGAN CENT. R. CO. v. CARL & W. J. PIOWATY, Inc.

District Court, N. D. Illinois, E. D.   December 14, 1929.

Nos. 36464, 36484.

Winston, Strawn & Shaw, of Chicago, Ill., for plaintiff.

J. V. DeLaney, of Chicago, Ill., for defendant.

WOODWARD, District Judge.   In two separate cases plaintiff has brought suit against the defendant to recover unpaid

freight charges. Defendant filed the general issue, together with a plea of set-off alleging damages arising out of the negligence and delay in the transportation of the shipments for which freight charges are claimed. Plaintiff moves to strike from the files the plea of set-off on the ground that a set-off will not lie in a suit of this nature.

The question presented by this record has been ·before the courts a number of times. The Supreme Court of the United States has not passed upon it. The decisions of the District Courts and of the state courts are in hopeless conflict. The District Court cases holding that a set-off may be interposed are: Wells-Fargo & Co. v. Cuneo, 241 F. 727 (D. C. Southern District of New York, Judge Mayer); Chicago & Northwestern Railroad Co. v. Tecktonius Manufacturing Co., 262 F. 715 (D. C. Eastern District of Wisconsin, Judge Geiger); Payne v. Clarke, 271 F. 525 (D. C. Southern District of California, Judge Bledsoe).

The following cases hold that a counterclaim cannot be interposed: I. C. R. R. Co. v. Hoopes, 233 F. 135 (D. C. Southern District of Iowa, Judge Wade); C. & N. W. R. Co. v. Stein, 233 F. 716 (D. C. Nebraska, Judge Munger); Johnson-Brown Co. v. Delaware, L. & W. R. Co., 239 F. 590 (D. C. Southern District of Georgia, Judge Speer); Pennsylvania R. Co. v. South Carolina Produce Association, 25 F.(2d) 315 (D. C. Eastern District of South Carolina, Judge Cochran).

Counsel on both sides have also cited a number of state cases holding both ways. At the argument it was conceded that the matter had not been ·passed upon by any ·Court of Appeals. Since the argument the attention of the court has been called to the case of Fullerton Lumber Co. v. C., M., St. P. & P. R. Co., a decision of the United States Court of Appeals of the Eighth Circuit, 36 F.(2d) 180. The Court of Appeals of the Eighth Circuit pass squarely upon the issue presented by this record. The court say: "On the question whether a counterclaim for damages for losses arising out of the shipment may be interposed in this kind of an action to collect freight charges, there is conflict of federal decisions. It appears that the trial courts in this circuit confine the issues and the trial in the cases to the freight charges, and we think this conforms to the intent of Congress reflected in the acts relating to interstate commerce. A paramount purpose of the regulation of carriers is to compel uniform treatment of shippers, and the exaction of the published freight charges in cash payment from each and all shippers alike is a necessary step. To that end carriers are compelled to sue where through mistake or otherwise an undercharge has been made or collection has failed, and such suits are often burdensome to the carriers and instituted with reluctance by them. If the suits are to afford occasion to litigate all the various claims shippers may make against carriers, the whole intent and purpose of Congress will be defeated. Instead of an aid to the uniform collection of the same cash charges from all shippers, the suits would inevitably open the door to gross discriminations under color of counterclaims and offsets which the courts could not prevent. In fact, a measure of discrimination is present as soon as a counterclaim is permitted in a carrier's suit for freight charges. Shippers who· have rare dealings with carriers and no claims must submit to judgment as soon as their cases are reached and their debt for freight charges proved against them. Other shippers who have frequent dealings and claims may wait until issues are formulated upon their counterclaims or offsets and then they cannot be adjudged to pay their freight charges until all such matters of counterclaim and offset have also been litigated and determined. At the end of the litigation such shippers, if successful, will not be compelled like others to pay their freight charges in cash, but their freight bills will practically be otherwise discharged. Discriminations and preferences have taken many forms in the past and the intention of Congress to abolish them all is clear. The federal courts are also bound to the same purpose, and, as the practice of permitting counterclaims in these suits tends to defeat the purpose, the practice should not be permitted even though there is a statute of the state sanctioning counterclaims generally in law actions."

The case of Pennsylvania R. Co. v. South Carolina Produce Association, supra, is also a well-reasoned case. In view of the purpose of Congress to do away with every manner and form of discrimination, favoratism, and rebating and to promote equality among shippers, the reasoning of the Circuit Court of Appeals of the Eighth Circuit and of Judge Cochran in the case of Pennsylvania R. Co. v. South Carolina Produce Association appeals to this court as the better. This court is disposed to follow the conclusions expressed by the only Circuit Court of Appeals which has passed upon a like issue.

The order, therefore, will be: Motion allowed, and set-off stricken from the files.