## CHICAGO & NORTH WESTERN RAILWAY COMPANY *v.* LINDELL.

No. 193. Argued January 23, 1930.—Decided February 24, 1930.

*Mr. Nelson Trottman,* with whom *Messrs. Samuel H. Cady* and *Aaron M. Sargent* were on the brief, for the Chicago & North Western Railway Company.

*Mr. F. DeJournel* submitted for Lindell.

MR. JUSTICE BUTLER delivered the opinion of the Court.

October 17, 1925, appellee delivered to the railroad of the Southern Pacific Company at Kingsburg, California, a shipment of grapes for transportation to Chicago for

delivery to a named consignee. The appellant received the car at Omaha, hauled it to Chicago and there delivered it to the consignee without collecting the freight and other charges which amounted to $683.79. Because of unreasonable delay on the part of appellant and its failure to use reasonable care to keep the car properly iced, the grapes were delivered in a damaged condition. Appellant sued in the United States District Court for the Southern District of California to recover such charges. And appellee by answer set up the loss. While claiming to have suffered damages of $1,011.70, he asked no affirmative relief but only that the loss be held to be a set-off against appellant's claim. The court allowed the set-off.

The Circuit Court of Appeals, under § 239 of the Judicial Code, 28 U. S. C., § 346, certified to this court the following question:

"Where an interstate railroad carrier delivers to the consignee at destination a consignment of freight without collecting the transportation and other lawful charges and thereafter brings an action at law to recover from the shipper the amount thereof, in a United States court in a district where the state law provides that if a defendant omits to set up a counterclaim arising out of the transaction constituting the foundation of the plaintiff's claim he cannot thereafter maintain an action upon the same, and, further, that where such cross-claims have existed 'the two demands shall be deemed compensated,' is the shipper, acting in good faith and without collusion, debarred by the Interstate Commerce Acts, particularly the Hepburn Act (34 Stat. 587) from pleading, by way of set-off, a counterclaim for a loss suffered by him as a result of the carrier's failure to perform its obligations touching the transportation and delivery of the identical shipment?"*

---

* There are conflicting decisions on the question. The following support an answer in the affirmative: *Fullerton Lumber Co.* v. *Chi-*

16

The appellant is liable to the appellee for damages in an amount at least equal to the charges sued for. 49 U. S. C., § 20 (11). And unless the Hepburn Act stands in the way, the shipper has the right, under established practice in California, to set up his loss as a counterclaim. 28 U. S. C., § 724. California Code of Civil Procedure, §§ 437, 438, 439, 440. *Payne* v. *Clarke,* 271 Fed. 525.

The provision follows: " . . . nor shall any carrier charge or demand or collect or receive a greater or less or different compensation for such transportation of passengers or property, or for any service in connection therewith, . . . than the rates, fares, and charges which are specified in the tariff . . .; nor shall any carrier refund or remit in any manner or by any device any portion of the rates, fares, and charges so specified, nor extend to any shipper or person any privileges or facilities in the transportation of passengers or property, except such as are specified in such tariffs." 49 U. S. C., § 6 (7).

The purpose of the Act to prevent discrimination has been emphasized by this court and is well known. Since

---

cago, M., St. P. & P. R. Co., 36 F. (2d) 180; *Illinois Central R. Co.* v. *Hoopes,* 233 Fed. 135; *C. & N. W. Ry. Co.* v. *Stein Co.,* 233 Fed. 716; *Johnson-Brown Co.* v. *Railroad,* 239 Fed. 590; *Pennsylvania R. Co.* v. *South Carolina Produce Ass'n,* 25 F. (2d) 315; *D., L. & W. R. R. Co.* v. *Nuhs Co.,* 93 N. J. Law 309; *Adams Express Co.* v. *Albright Bros.,* 75 Pa. Super. Ct. 410.

And the following in the negative: *Wells Fargo & Co.* v. *Cuneo,* 241 Fed. 727; *C. & N. W. Ry. Co.* v. *Tecktonius Mfg. Co.,* 262 Fed. 715; *Payne* v. *Clarke,* 271 Fed. 525; *C., M. & St. P. Ry. Co.* v. *Pioneer Grain Corp.,* 26 F. (2d) 90; *Battle* v. *Atkinson,* 9 Ga. App. 488; *Central of Georgia Ry. Co.* v. *Birmingham Sand & Brick Co.,* 9 Ala. App. 419; *Nashville, C. & St. L. Ry.* v. *Tennessee Mill Co.,* 143 Tenn. 237; *Penn. R. Co.* v. *Bellinger,* 101 Misc. Rep. 105; *N. Y. Cent. R. Co.* v. *Federal Sugar Co.,* 201 App, Div, 467,

its enactment carriers may not accept services, advertising, property or a release of claim for damages in payment for transportation. They are required to collect the established rates, charges and fares from all alike in cash. *Louisville & Nashville R. R.* v. *Mottley,* 219 U. S. 467. *Chicago, Ind. & L. Ry. Co.* v. *United States,* 219 U. S. 486. *Lake & Export Coal Corp.* v. *Chesapeake & Ohio Ry. Co.,* 1 F. (2d) 968. *State* v. *Union Pacific R. R. Co.,* 87 Neb. 29.

The adjustment of defendant's demand by counterclaim in plaintiff's action rather than by independent suit is favored and encouraged by the law. That practice serves to avoid circuity of action, inconvenience, expense, consumption of the courts' time, and injustice. *Rolling Mill Co.* v. *Ore & Steel Co.,* 152 U. S. 596, 615, 616. *Railroad Company* v. *Smith,* 21 Wall. 255, 261. *Partridge* v. *Insurance Company,* 15 Wall. 573, 579. In the case last mentioned the Court, speaking through Mr. Justice Miller, said (p. 580): "It would be a most pernicious doctrine to allow a citizen of a distant State to institute in these courts a suit against a citizen of the State where the court is held and escape the liability which the laws of the State have attached to all plaintiffs of allowing just and legal set-offs and counterclaims to be interposed and tried in the same suit and in the same form."

The practice of determining claims of shippers for loss or damage in suits brought by carriers to collect transportation charges is not repugnant to the rule prohibiting the payment of such charges otherwise than in money. The adjudication in one suit of the respective claims of plaintiff and defendant is the practical equivalent of charging a judgment obtained in one action against that secured in another. Neither is to be distinguished from payment in money.

18

It is well understood that payment by carriers to shippers under the guise of settling claims for loss and damage may in effect constitute discrimination that the Act was intended to prevent. But it is not suggested how opportunity for collusion in respect of such matters would be lessened by abolishing counterclaims in cases such as this. Collusion and fraud may be practiced in the defense and settlement of separate actions brought on such claims as well as when the same matters are put forward as offsets or counterclaims.

The Act ought not to be construed to put aside state laws and long established practice in respect of pleading unless the intention of Congress so to do is plain. There appears no reasonable probability that the relegation of shippers to separate actions for the enforcement of their claims for loss or damage would operate more effectively to enforce the purpose of Congress to prevent discrimination. There is no substantial ground upon which the Act may be given the construction for which the carrier contends.

The question is answered

*No.*