PEOPLE OF PUERTO RICO, Plaintiff and Appellant, v. LUCIANO
FUERTES, Defendant and Appellee.

No. 4289.  Argued December 23, 1930.—Decided March 5, 1931.

R. A. Gómez for appellant.  Arturo Aponte for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This appeal by The People of Puerto Rico involves the jurisdiction of municipal courts to try an offense under the "National Prohibition Act." The District Court of Humacao was of the opinion that until the 2d of March, 1929, the sale of liquors for which the defendant was prosecuted could have been entertained in a municipal court, but that the act of Congress of that date made the offense charged, and other similar offenses, felonies. This was also the opinion of the District Court of San Juan in another case. The District Court of Arecibo took a contrary view in still another case.

In reality, the judgment appealed from could be affirmed following People v. Zayas, ante p. 643, with its reconsideration of January 30, 1931 (ante, p. 648), holding that under the National Prohibition Act it was not the People of Puerto Rico that should prosecute crimes but the United States. As the judgment in that case was decided by a divided court,

and as a contrary view had been taken by a majority of the court in a previous case (*People* v. *Rodríguez et al.*, 33 P. R.R. 379) and because of the urgent request of the Attorney General, we have decided to first consider the case more or less from the point of view which the District Court of Humacao had on deciding the case.

That court rendered an opinion. The judge accepted the fact that the Congressional Act of September 21, 1922, was a piece of local legislation in the sense defined by the case of *People* v. *Rodríguez et al., supra*. Until the 2d of March, 1929, the court held, as we have intimated, that the violation of the law for which the defendant was charged might have been tried in a municipal court. The court pointed out that the Act of Congress of March 4, 1909, 35 Statutes-at-large 1152, Barnes' Federal Code 2401, edition of 1919, enacted as follows:

*Felonies and Misdemeanors.*—All offenses which may be punished by death, or imprisonment for a term exceeding one year, shall be deemed felonies. All other offenses shall be deemed misdemeanors.''

For the future the subject matter is governed by the following Act of Congress:

''An Act To amend section 335 of the Criminal Code.—*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That section 335 of the Criminal Code, chapter 321, paragraph 335; Thirty-fifth Statutes, page 1152, (sec. 541, title 18, U.S.C.) be amended to read as follows:

''All offenses which may be punished by death or imprisonment for a term exceeding one year shall be deemed felonies. All other offenses shall be deemed misdemeanors: *Provided,* That all offenses the penalty for which does not exceed confinement in a common jail, without hard labor for a period of six months, or a fine of not more than $500, or both, shall be deemed to be petty offenses; and all such petty offenses may be prosecuted upon information or complaint.'' Approved, December 16, 1930.

Under the Puerto Rican Code, section 1173 of the Revised Statutes, the municipal courts in Puerto Rico, by an act of

the local legislature, "Shall have jurisdiction in all criminal cases except felonies . . ." The Act of September 21, 1922, which conferred concurrent jurisdiction on the local courts, reads as follows:

"An Act to confer upon the territorial courts of Puerto Rico concurrent jurisdiction with the United States Courts of that district of all offenses under the National Prohibition Act and all Acts amendatory thereof or supplemental thereto.

"*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That there be and is hereby, conferred upon the Territorial magistrates and courts of Puerto Rico jurisdiction concurrent with the commissioners and courts of the United States for the said Territory of all offenses under the Act of October 28, 1919, known as the National Prohibition Act, and all acts amendatory thereof and supplemental thereto, the jurisdiction of said Territorial magistrate and courts over said offenses to be the same which they now have over other criminal offenses within their jurisdiction."

It must be noted that the said act provided that all acts amendatory or supplemental to the National Prohibition Act should be applicable. Then the court cited the Act of 1929 as follows:

"That wherever a penalty or penalties are prescribed in a criminal prosecution by the National Prohibition Act, as amended and supplemented, for the illegal manufacture, sale, transportation, importation, or exportation of intoxicating liquor, as defined by section 1, Title II, of the National Prohibition Act, the penalty imposed for each such offense shall be a fine not to exceed $10,000 or imprisonment not to exceed five years, or both . . ." 45 U. S. Statutes at Large, Part 1, Chapter 473, Page 1446.

The court then held with this classification the crime was a felony, and the municipal courts could not take jurisdiction, and that the definition of a felony as given by the Congress of the United States ousted the municipal courts of jurisdiction.

No other conclusion is possible. Congress, by direct legislation, has said that certain offenses under the Prohibition Act shall be felonies, and any local definition of a felony

to the contrary by the Legislature of Puerto Rico can not change the result. *In praesentia majoris cessat potentia minoris.*

The District Court of San Juan considered and we are agreed, that Congress could not have intended that the same crime should be punished as a felony in the United States District Court for Puerto Rico and as a misdemeanor in the other territorial courts.

The Government argues, however, that there is a local law defining felonies according to the place to which a defendant is sent for imprisonment; in other words, that imprisonment in a jail is a misdemeanor and imprisonment in the penitentiary is a felony. The principal argument is, as we understand it, that the local laws of Puerto Rico have as much effect as a law of Congress until they are repealed or declared null by the Congress of the United States; in other words, that a local law is an equivalent to an act of Congress until it is so annulled or repealed. The answer to this class of reasoning is that the local law has been overruled or repealed by the Act of Congress. In administering the National Prohibition Act, Congress has shown that the sale of liquors, as in the present case, is a felony. The purpose of Congress was to make it so, and we discern no purpose to confer jurisdiction to try felonies in the municipal courts of Puerto Rico. The idea of the National Legislature was to make the enforcement of the law more stringent and to punish offenders more severely, leaving, however, a wide discretion in the trial judge as to the amount of penalty he would impose. We think these considerations, and perhaps others to be found in the opinion of the court below and in the opinion of the District Court of San Juan copied in the brief of appellant in No. 4252 decided today, are dispositive of the case.

The District Attorney points out a great number of inconveniences that would result from such an interpretation: The situation of the overcrowded district courts; the difficulty

of obtaining juries, and other considerations. This interpretation of the law, he maintains, would lead to many absurdities. Where the intention of the law is clear, these possible absurdities would have to yield to the will of Congress, and the local situation could not relate back to affect the supposed intention of Congress. Plainly, Congress meant this particular offense to be a felony throughout the whole dominion to which the National Prohibition Act was extended.

So far this is the opinion of the majority of the Court but Mr. Justice Texidor and the writer desire to submit the following further considerations.

The District Attorney to sustain the contention that local legislation should prevail, cited *Hawaii* v. *Mankichi,* 17 Law. ed. 1023, 190 U. S. 197; *Clinton* v. *Englebrecht,* 13 Wall. 434; *Summers* v. *United States,* 231 U. S. 92; *Reynolds* v. *United States,* 98 U. S. 145; *Chicago & N. W. Ry. Co.* v. *Lindell,* 281 U. S. 14. The question of the constitution of a grand jury, or of impaneling a petit jury and the form of pleadings, are all adjective provisions, and it may be that the kind of jury or the kind of procedure to be had in the district court should be governed entirely by the codes of Puerto Rico.

In *Summers* v. *United States, supra,* the Supreme Court of the United States said: "The result of the conclusion (in that case) will be the existence of a dual procedure in the prosecution of different crimes committed within the same territorial jurisdiction. The result may have examples, but it is certainly undesirable, and the systematic character of the Alaskan code indicates a contrary intention." In Puerto Rico, however, we would necessarily have a dual system of courts. The United States District Court for Puerto Rico is one court with a certain definite procedure, and the local district courts of Puerto Rico have a different procedure, each of them administering different crimes. In Alaska, while there is a local code, it was enacted for the territory directly by the Congress of the United States. Unless we are greatly mistaken, there is only a single district

court which administers both the local and the territorial laws enacted by Congress and the laws of the United States. The District of Columbia and the province of Alaska are incorporated, but not organized, territories. A situation similar to Alaska prevails in the Panama Canal Zone, if our information is correct. Therefore, great care should be taken in attempting to apply decisions of the United States Supreme Court without an investigation of the conditions of each separate territory. We have given a sufficient inspection to the decision of the District Court of the Panama Canal Zone, cited by the District Attorney, and we are quite satisfied that conditions there are different, and that even if they were not, this particular crime could not be treated as a misdemeanor. The case of Puerto Rico is, in many respects, unique.

We said at the start that this case might be governed by *People* v. *Zayas, supra.* Our study of the present case has brought some things to light which lead me to some additional considerations with which Mr. Justice Texidor is agreed.

We have the idea that when Congress in the Act of September, 1922, spoke of the courts of Puerto Rico, it had in mind courts of record. For example, neither in the Foraker Act nor in the Jones Act is the jurisdiction of the Supreme Court of Puerto Rico defined. Section 40 of our Organic Act provides:

"That the judicial power shall be vested in the courts and tribunals of Puerto Rico now established and in operation under and by virtue of existing laws. The jurisdiction of said courts and the form of procedure in them, and the various officers and attachés thereof, shall also continue to be as now provided until otherwise provided by law; *Provided, however,* That the Chief Justice and the Associate Justices of the Supreme Court shall be appointed by the President, by and with the advice and consent of the Senate of the United States, and the Legislature of Puerto Rico shall have authority, from time to time as it may see fit, not inconsistent with this Act, to organize, modify, or rearrange the courts and their

jurisdiction and procedure, except the District Court of the United States for Puerto Rico."

We think it is highly probable, if not certain, that in September, 1922, Congress had only in mind courts of record in the territorial courts as previously recognized by it. Congress may have had in mind the jurisdiction of the local courts, whether original or appellate as defined by the legislature.

The National Prohibition Act was a continuation of a war prohibition measure administered by the United States officials. As we said in the *Zayas* case, until 1922 the District Court for the United States was the only one that could try offenses under the National Prohibition Act. The Act of 1929, *supra,* making crimes felonies which heretofore had been misdemeanors being entirely national, again tends to show that Congress never did intend that any but courts of record in the island should have jurisdiction of offenses against the National Prohibition Act, that only courts with similar jurisdiction to the United States District Court could prosecute offenses under the said Act.

The judgment appealed from will be affirmed.

MR. CHIEF JUSTICE DEL TORO, concurring.

The original complaint in this case was filed in the Municipal Court of Fajardo, and charged the defendant Luciano Fuertes with a violation of section 3, title 2, of the National Prohibition Act, consisting in having sold to Carlos García for the sum of $10.50, three bottles of whisky, which is an intoxicating liquour containing more than one-half per cent of alcohol per volume and suitable to be used for beverage purposes.

After a trial of the case, the municipal court found the defendant guilty. Thereupon the defendant appealed to the district court and there filed the following demurrer:

"That this district court has no jurisdiction to take cognizance of the facts charged and it also lacks jurisdiction by reason of the

subject matter of the prosecution, inasmuch as there is involved the violation of an Act of the Congress of the United States, dated October 28, 1919, which violation was declared to be a felony by another act of the Congress of the United States of subsequent date and the cause herein is now before this Hon. Court on appeal from the Municipal Court of Fajardo, which court never had jurisdiction of the case for the above stated reasons, and hence this district court has no such jurisdiction either.

"Furthermore, a federal statute being involved, the prosecution must be instituted in the name of the United States and not in the name of The People of Puerto Rico, and it originally would have to be begun before a district court with similar jurisdiction to that of the United States District Court."

After the questions thus raised had been fully argued, the district court held that by virtue of the Act of Congress of September 21, 1921, conferring upon the insular courts concurrent jurisdiction of all violations of the National Prohibition Act, the court had jurisdiction of the subject matter, but as the violation charged constituted a felony in accordance with the Congressional Act of March 2, 1929, amending the National Prohibition Act, the Municipal Court of Fajardo lacked original jurisdiction to try the cause, and hence the district court lacked appellate jurisdiction. Accordingly, and pursuant to an extensive and careful opinion, the lower court ordered the dismissal of the case and acquitted the defendant.

Thereupon the prosecution took an appeal to this Supreme Court, and again the question involved was extensively argued.

Mr. Justice Aldrey and the writer of this opinion concur in the affirmance of the judgment appealed from on the grounds on which it is based, that is, because a felony being involved, the Municipal Court of Fajardo had no jurisdiction to try the case, but not because the insular courts should lack any jurisdiction by reason of the manner in which the prosecution was commenced, thus:

"Municipal Court of Fajardo, P. R.—United States of America, The President of the United States, SS.—The People of Puerto Rico v. Luciano Fuertes."

Our views on this point were and continue to be those announced in *People* v. *Rodríguez et al.,* 33 P.R.R. 379, as follows:

"NATIONAL PROHIBITION ACT—JURISDICTION.—When Congress conferred upon the insular courts concurrent jurisdiction of violations of the National Prohibition Act, it acted as a local legislature to which certain constitutional limits are not applicable. Therefore, such jurisdiction should be exercised in accordance with the local rules of procedure.

"ID.—ID.—PLEADING.—A complaint for violation of the National Prohibition Act filed in a municipal court in the name of the United States, including also the name of The People of Puerto Rico, complies with the requirements of section 10 of the Jones Act."

It is for this reason that we dissented in the case of *People* v. *Zayas* (*ante,* p. 343), which overruled the holding in the *Rodríguez* case, *supra.* In both these cases the decision was by a majority of this court.

As to the first point, the question seems so clear that it requires no extensive discussion. No one doubts that the acts charged against Fuertes in accordance with the National Prohibition Act as amended, and with other federal criminal statutes, constitute a felony. Nor has anyone expressed the slightest doubt in regard to the municipal courts not having original jurisdiction in felony cases. This being so, any statute of the territory which might be invoked to maintain that in interpreting the terms of the Congressional Act in the light of the provisions of the said statute, the offense might be characterized as a misdemeanor and not a felony, is manifestly inapplicable. Such Congressional Act should be construed in the light of other federal statutes, which in this specific case are clear and conclusive. The Congress made the violation a felony, and as such felony it must be considered by the territorial courts in taking cognizance

thereof in the exercise of the concurrent jurisdiction conferred upon them by Congress itself. Arguments in favor of a greater or lesser convenience in connection with the administration of justice in the insular courts, have no weight in the face of the clear mandate of the law.

The judgment appealed from should be affirmed.

I am authorized to state that Mr. Justice Aldrey concurs in this opinion.