## PROSPERITY CO., Inc., v. AMERICAN LAUNDRY MACHINERY CO.

### No. 628.

District Court, S. D. Ohio, W. D.
Oct. 20, 1933.

Wood & Wood, of Cincinnati, Ohio (Wm. R. Wood, of Cincinnati, Ohio, and Bohleber & Ledbetter, J. C. Ledbetter, and Francis H. Fassett, all of New York City, of counsel), for plaintiff.

Allen & Allen, of Cincinnati, Ohio (Marston Allen and Peck, Shaffer & Williams, all of Cincinnati, Ohio, and Brockett, Hyde, Higley & Meyer and Elbert L. Hyde, all of Cleveland, Ohio, of counsel), for defendant.

NEVIN, District Judge.

This cause is now before the court on a motion filed on behalf of the defendant, the American Laundry Machinery Company, wherein the defendant prays the court for leave to file a counterclaim (attached to the motion) against the plaintiff, and, in the event this prayer is granted, that the court order that United Shoe Machinery Corporation be brought in as a party defendant in this proceeding.

On February 14, 1930, defendant, the American Laundry Machinery Company, filed in this court a document entitled Answer and Counterclaim, setting forth its answer to the bill of complaint herein, and also an alleged counterclaim against the plaintiff. The bill of complaint was filed on October 9, 1929. In the bill of complaint defendant is charged with infringement of letters patent to Davis, No. 1,609,273, and to McDermott, No. 1,587,078, in both of which patents plaintiff alleges it is vested with the entire right, title, and interest. In its counterclaim as originally filed, and having reference to paragraphs 22 et seq. of the original answer and counterclaim, and particularly paragraph 24 thereof, defendant makes certain allegations with regard to Bates patent No. 1,565,248, granted to United Shoe Machinery Corporation (due assignment of his interest, etc., having been made by Bates to said corporation), alleging, among other things, that it (this defendant) "became by an agreement and license duly executed and recorded in the United States Patent Office and now is vested with the exclusive right to this Bates Patent No. 1,565,248 with respect to the laundry or garment pressing fields, together with the right to sue for and recover damages and profits for any and all infringements thereof." Subsequent to the filing of the answer and counterclaim just referred to, to wit, on January 6, 1933, defendant herein filed a motion for an order to join herein as a party defendant United Shoe Machinery Corporation, which said corporation defendant in its motion, supported by an affidavit of Elbert L. Hyde, alleges is, and at the time of the filing of the counterclaim was, the sole owner of the Bates patent, having granted, however, to the defendant company certain exclusive rights, licenses, and privileges under said patent. On January 16, 1933, there was also filed a motion on behalf of plaintiff for an order dismissing the defendant's counterclaim in so far as it charges infringement of the Bates patent.

For reasons set forth, and on the authorities cited at the time, this court on April 21, 1933, overruled the motion of the defendant for an order to join United Shoe Machinery Corporation as a party defendant herein, and upon the same day sustained the motion filed by plaintiff to dismiss the counterclaim. Orders conforming to these decisions of the court were duly filed on May 22, 1933. It is in view of the former rulings of the court, just referred to, that defendant now tenders a document entitled Amended Counterclaim of Defendant on Bates Patent No. 1,565,248, which, in the motion now before the court, it prays leave of court to file, and, if this is granted, to have the United Shoe Machinery Corporation brought in as a party defendant, as hereinbefore set forth. It is claimed on behalf of the defendant that the counterclaim as now presented contains (principally in paragraph 24 thereof) certain averments which were not contained in the counterclaim, as originally filed (having particular reference to paragraph 24 of that document), and that, in view of these allegations as now contained in the counterclaim tendered for filing, the present motion should be sustained under the authority of Equity Rule 30 (28 USCA § 723). In their brief, counsel for defendant company state the situation thus: "The issue, as we understand it, is whether or not the defendant is entitled to file its new counterclaim and whether its prayer should be granted that the United Shoe Machinery Corporation be brought into the cause as a party defendant. This question is to be determined in accordance with Equity Rule 30, i. e., must the defendant, to pursue its claim under the Bates Patent, bring a suit independently against the plaintiff in some jurisdiction where the plaintiff has a regular and established place of business, or may the relief be obtained by counterclaim."

In the interest of brevity, the court will not here recite "Equity Rule 30," as all counsel are familiar with the rule or have it easily accessible. In support of their argument that defendant's claim in the instant case falls within rule 30, counsel for defendant cite, among other cases, Chicago & N. W. R. Co. v. Lindell, 281 U. S. 14, 50 S. Ct. 200, 74 L. Ed. 670, and American Mills Co. v. American Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306, but the court is of the opinion that these authorities are not decisive of the question before this court, for the reason that the situation existing in the instant case does not appear to have been the

situation in either of the cases just referred to. As pointed out by counsel for plaintiff, neither of these cases shows a defendant's right to bring in a third party by way of a counterclaim. They refer to the liberality with which rule 30 shall be interpreted in order to facilitate the prompt disposition of equitable controversies between the same litigants.

It appears to have been settled by the Supreme Court of the United States that the defendant, if it owns a patent which plaintiff infringes, has a right to bring a counterclaim charging plaintiff with infringement of a patent owned by defendant, even though the plaintiff is not a resident of the district. General Electric Co. v. Marvel Rare Metals Co., 287 U. S. 430, 53 S. Ct. 202, 77 L. Ed. 408. In the instant case, however, it is conceded that the United Shoe Machinery Corporation owns the Bates patent and it follows, therefore, that defendant itself cannot base "an independent suit in equity" (Rule 30) against plaintiff on the Bates patent. Defendant is dependent upon having the United Shoe Machinery Corporation, owner of the title to the Bates patent, joined as a party with it in order to maintain its counterclaim; hence its prayer (in the present motion) that the court order United Shoe Machinery Corporation brought in as a party defendant.

It appears of record in the case, from the documents filed with and made a part of the motion filed by defendant (hereinbefore referred to) on January 6, 1933, that defendant has a license from the United Shoe Machinery Corporation, owner of the Bates patent, which applies "only to the laundry and garment pressing fields." It further appears from the papers on file that defendant herein secured its license from United Shoe Machinery Corporation after it had been sued in the instant action for infringement. As hereinbefore stated, the bill of complaint was filed in this court on October 9, 1929. To its motion, filed on January 6, 1933, the defendant company attached a copy of the license agreement between the United Shoe Machinery Corporation and the defendant herein, which shows that it was made and entered into on the 5th day of December, 1929.

The court is in accord with the views expressed by counsel for plaintiff that, if Rule 30 is to be so liberally construed as that it will permit a defendant, after it has been sued for infringement, to go out and buy in some patent and thereafter file an answer and counterclaim based on a patent so recently acquired, public policy would indicate that under such circumstances a party must at least acquire full legal title to the patent and not rely on curing such a defect by seeking to bring in as a party to the case, the actual and legal owner of the patent who is in no way concerned with the issues or the litigation between the original plaintiff and defendant. In the instant case the legal owner is a complete stranger to the litigation, and, as pointed out by counsel for plaintiff in their brief, to now grant the prayer and permit the United Shoe Machinery Corporation to become a party defendant might lead to the filing of a supplemental bill against the United Shoe Machinery Corporation, and thus the matter become interminable.

It is submitted on behalf of defendant that, since this counterclaim is an amendment only of the former counterclaim which was dismissed because of the form of its allegations, there is every reason according to usual practice to permit the amendment to be filed, reserving the questions as to its propriety in the cause for subsequent determination. Inasmuch, however, as the question seems to be squarely raised, and in order that there may be no further delay, or perhaps added expense in the taking of testimony that ultimately might be of no consequence, the court has concluded that the question should be determined at this time on the merits, and is of the opinion that the motion of the defendant is not well taken, and that it should be, and it is therefore, overruled, and the prayer that the United Shoe Machinery Corporation be brought in as a party defendant to this proceeding is denied.

An order may be drawn accordingly.