## FIDELITY & CASUALTY CO. OF NEW YORK v. COFFELT.

### Civ. 1–80.

United States District Court
S. D. Iowa, Davenport D.
April 30, 1951.

Lyman C. Bybee, of Newport, Bybee & Wine, Davenport, Iowa, for plaintiff.

Merle F. Wells and George W. Vander Vennet, of Davenport, Iowa, for defendant.

RILEY, District Judge.

This matter came on to be heard at Davenport, Iowa, on April 3, 1951, upon the motion of the plaintiff to dismiss the counterclaim filed by the defendant as part of his answer, because it fails to state a claim against the plaintiff on which relief can be granted; plaintiff appeared by its counsel, Lyman C. Bybee of the firm of Newport, Bybee and Wine of Davenport, Ia., and the defendant appeared by his counsel Merle F. Wells and George W. Vander Vennet of Davenport, Ia.; and the court having heard the oral argument of counsel and having read and considered their written briefs and being now advised, finds that plaintiff's motion to dismiss the counterclaim should be sustained.

It is apparent on the face of the counterclaim that it is a permissive and not a compulsory counterclaim, Federal Rules of Civil Procedure 13(b) and (a), 28 U.S.C.A., since it does not arise out of the transaction or occurrence that is the subject matter of plaintiff's claim in this action. The court regards the question raised by this motion as a procedural matter under the Federal Rules of Civil Procedure and not, as counsel in argument contend, wholly controlled by the law of Iowa. The ruling herein is based upon the application of the Federal Rules and they are deemed sufficient to dispose of the issue at this time.

In oral argument counsel for the plaintiff stated that the counterclaim alleged a suit for malicious prosecution and discussed the essential grounds of a claim based on malicious prosecution. Counsel for the defendant replied by stating that this counterclaim was not based upon malicious prosecution but on an alleged slander and libel occurring before the filing of plaintiff's complaint and repeated in its allegations. It is the opinion of the court that the counterclaim does not arise out of the transactions and occurrences upon which plaintiff's suit is based, but is bottomed entirely upon subsequent events and actions.

Defendant alleges in his counterclaim that by reason of certain acts beyond his control, large losses were incurred upon projects mentioned in plaintiff's complaint and that after these losses were sustained plaintiff expended money on the projects which it was not obligated to expend. He then alleges in paragraph 6 of the counterclaim: "That the plaintiff, through and by its authorized agents and officers, thereafter maliciously threatened the defendant with public disgrace and financial ruin if he refused to reimburse the Plaintiff for the amount of money it had expended on its completion bonds written on the said construction jobs." He then alleges harrassment, malicious threats of public disgrace, financial ruin and legal proceedings in bankruptcy, and then the commencement of this suit and the inclusion of allegedly unnecessary allegations in the complaint. Defendant alleges in paragraph 9 of his counterclaim: "That said statements and allegations and said threats and harrassing were untrue and malicious and were made to and did harm and injure the Defendant and his good reputation and good credit, all to his damages in the sum of $100,000.-00."

It is the opinion of the court that this is a permissive counterclaim, that the relief sought is wholly dependent upon plaintiff's failure to prevail in the case at bar and that the—"Pleading a claim for damages arising from the wrongful bringing of an action before the full determination thereof is premature and unauthorized by the Rules of Civil Procedure." Goodyear Tire & Rubber Co. v. Marbon Corp., D.C., 32 F.Supp. 279, 280.

It is also the opinion of this court that this does not deprive the defendant of the right to assert this counterclaim in the event that the defendant shall prevail in the trial of the main case. The effect of this rule therefore is not to pass upon the merits of the counterclaim, but merely to hold that it is permissive under the Rules of Civil Procedure and is premature.

If, as defendant contends, his counterclaim is based upon the alleged slander and libel, and, if in the main action here plaintiff will have proved that the allegedly of-

fending statements are true, then there can be no basis for recovery by defendant. It follows that since it will require the termination of the main suit to ascertain whether a basis exists for the counter-claim, it has no appropriate place here.

The authorities cited by counsel for defendant have been examined but are not persuasive here. They involved situations which justified the rulings. The quotation from Penn. R. Co. v. Musante-Phillips, Inc., D.C., 42 F.Supp. 340, 342, is from the opinion of Mr. Justice Butler in Chicago & N. W. Ry. Co. v. Lindell, 281 U.S. 14, 17, 50 S.Ct. 200, 74 L.Ed. 670, decided before the adoption of Rule 13 of the Rules of Civil Procedure, and involved the right of a shipper to assert a claim for damage in an action by a carrier to collect transportation charges. It was held not repugnant to the Hepburn Act. The quotation announces a salutary rule as to a claim actually in esse. Here, in my opinion, it will not be known whether a claim truly exists until the trial of the main suit.

The Clerk will enter the following order:

Plaintiff's motion to dismiss defendant's counterclaim herein having been heard, argued and submitted;

It is hereby Ordered that plaintiff's motion should be and is sustained and that defendant's counterclaim be and it is hereby dismissed, without prejudice to proceed independently in the future upon any cause of action then found to exist. Defendant excepts.