**READING COMPANY, a Pennsylvania Corporation, Reading Terminal, Philadelphia, Pennsylvania**

**v.**

**COMMODITY CREDIT CORPORATION, a Federal Governmental Agency.**

**Civ. A. No. 20312.**

United States District Court
E. D. Pennsylvania.
Feb. 10, 1960.

Jan E. Du Bois, White & Williams, Philadelphia, Pa., for plaintiff.

Walter E. Alessandroni, U. S. Atty., Philadelphia, Pa., James J. Phelan, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

GRIM, District Judge.

This action to recover charges for storage, in railroad cars, of grain shipped to plaintiff railroad's Port Richmond elevators in Philadelphia for transfer to ships and shipment overseas, was before the court previously on defendant's motion for summary judgment. That motion was denied, D.C.1958, 159 F.Supp. 67, and now plaintiff has moved for summary judgment. The facts are stipulated.

Plaintiff unloaded some railroad cars before their free time had expired while permitting other cars, whose free time had run out, to stand loaded, thus incurring storage charges. Defendant opposes plaintiff's motion for summary judgment on the ground that because the cars were not unloaded in the order of their arrival defendant has not been given the full benefit of the free time it was entitled to.

Plaintiff counters with the contention that defendant is barred from asserting this defense by reason of its having failed to file claims with plaintiff in compliance with Section 2(b) of the commercial bills of lading under which the grain was shipped. Section 2(b) provides:[1]

> "As a condition precedent to recovery, claims must be filed in writing with the * * * carrier * * within nine months after delivery at port of export * * * and suits shall be instituted * * * within two years and one day from the day when notice in writing is given * * * by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid."

---

1. While this language appears only in plaintiff's brief and is not in the record, the parties have stipulated for the purpose of this motion that "All the shipments involved in this action moved on commercial bills of lading", and cases involving notice of claims involve provisions with similar language.

Defendant admits that it filed no claim under the bills of lading for delays in delivery as a result of the railroad's failure to unload cars in the order of their arrival, but takes the position that Section 2(b) acts as a bar only when the shipper or consignee asserts a claim: not, as here, where the defendant raises the point in resisting a claim and seeks no recovery.

One sued by an interstate carrier for tariff charges is entitled to set off any loss occurring in connection with the transaction, Chicago & North Western Railway Co. v. Lindell, 1930, 281 U.S. 14, 50 S.Ct. 200, 74 L.Ed. 670, despite Section 6(7) of the Interstate Commerce Act, 49 U.S.C.A. § 6(7), but under the provisions of Section 2(b) the filing of a written claim within nine months[2] is a condition precedent to recovery. Written notice is required even when the carrier has actual knowledge. Chesapeake & Ohio Railway Co. v. Martin, 1931, 283 U.S. 209, 51 S.Ct. 453, 75 L.Ed. 983.

Since defendant failed to give written notice within the nine-month period, it is barred from asserting this defense. Northern Pacific Railway Co. v. Associated General Contractors, D.C.N.D.1957, 152 F.Supp. 126.

Defendant points out that the shipments took place from August through December, 1955, and contends that the requirement of notice was waived since suit was filed by the railroad on February 29, 1956, well before the expiration of the nine-month period with respect to any of these shipments. The filing of a suit by the railroad, however, cannot be considered the filing of a claim against the railroad within the meaning of Section 2(b), since the act is that of the railroad and not of the customer.

While the filing of an answer asserting the delays in unloading as a defense might be considered the equivalent of the filing of a written claim under Section 2(b) this question need not be decided. The first paper filed in this action setting forth the defense of failure to unload cars in the order of their arrival was defendant's Opposition to Plaintiff's Motion for Summary Judgment, filed May 20, 1958, far more than nine months after the last car was unloaded.

Since there is no unresolved issue of fact, plaintiff's motion for summary judgment will be granted.

---

2. This period conforms to the provisions of Section 20(11) of the Interstate Commerce Act, 49 U.S.C.A. § 20(11).