No. 20,186.

TRANSPORT CLEARINGS OF COLORADO, INC., *v.*
R. F. LINSTEDT.
(376 P. [2d] 518)

Decided December 3, 1962.     Rehearing denied December 17, 1962.

Mr. KENNETH A. SELBY, for plaintiff in error.

Mr. WILLARD S. SNYDER, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE DAY delivered the opinion of the Court.

DE minimis non curat lex. This is an $18.00 tempest over a tea cart. Plaintiff in error—a collection agency—sued as assignee of a motor carrier to collect a freight bill in the above amount for delivery of the cart. The article was admittedly damaged by the carrier, and it cost the defendant $25.00 to repair it. He set up in his

answer a "counterclaim" in that amount against the collection agency. The court allowed the damage claim up to $18.00 as a set-off against the freight bill and dismissed the action. It is to that judgment that this writ of error is directed.

Plaintiff in error claims that since the pleadings of defendant denominated his defense as a "counter-claim" it could not be asserted against the collection agency, therefore defendant must pursue his remedy against the trucking company direct. The claimed error is that the court converted a *counterclaim* into a *set-off* contrary to the pleadings.

■ The court was correct. Black's Law Dictionary, Third Edition, defines counterclaim as:

"A claim presented by a defendant in opposition to or deduction from the claim of the plaintiff. A species of set-off or recoupment introduced by the codes of civil procedure in many of the states, of a broad and liberal character."

Rule 8 (c) R.C.P. Colo. also takes care of the situation in the following language:

"\* \* \* When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."

As to the propriety of a court allowing damages to a consignee as against the freight bill see *Chicago & N.W. Ry. Co. v. Lindell,* 281 U. S. 14, 50 Sup. Ct. 200, 74 L. Ed. 670.

The judgment is affirmed.