PER CURIAM.
Appellant, Vogue Optical Manufacturing Company, Inc., appeals from a final order denying its claim for damages due to an alleged negligent bailment of machinery and other equipment by the appellee, National Van Lines, Inc., and granting the appellee’s claim for freight charges. The parties initially brought separate suits to press their respective claims, but they were consolidated since they arose from the same set of facts.
The trial court based its ruling upon a discerned failure on the part of the appellant to satisfy certain conditions precedent to recovery. Specifically, appellant purportedly did not give the appellee a written claim of loss within nine months as was required by the bill of lading, nor did it pay all transportation charges as required by the appellee’s tariff as a condition precedent to any claims.
Appellant contends that the trial court erroneously based its ruling on the failure to satisfy conditions precedent since the appellee carrier did not plead these defenses, and thus they were never in issue. In the alternative, appellant alleges that it did give the appellee sufficient written notice of its claimed loss and that the payment of the shipping charges was not a condition precedent to the damage suit since the claim for unpaid transportation charges was also in issue before the trial court. Since we agree with the appellant’s contention that all conditions precedent to its suit have been met, it will not be necessary to decide whether these questions should actually have served as the basis for the trial court’s ruling.
The shipments involved herein were made during May and June of 1972. The *677 record reflects that certain letters were sent to the appellee during July and September of that year, all of which refer to heavy losses as a result of either missing or damaged equipment. The shipments are identified by invoice number in one of the letters, which also noted that all of the appellant’s machinery^ and equipment had arrived “broken,” and that some items had never arrived at all. Under these circumstances, we believe that the appellee had sufficient written notice of the losses which the appellant intended to claim. See Georgia, Florida, & Alabama Railway Co. v. Blish Milling Co., 241 U.S. 190, 86 S.Ct. 541, 60 L.Ed. 948 (1916).
While Rule 39 of the appellee’s tariff does state that transportation charges are to be paid in full prior to the disposition of any claims against the carrier, the United States Supreme Court has held that this federally mandated requirement is satisfied where transportation charges and damage claims are adjudicated in a single suit. Chicago & Northwestern Railway Co. v. Lindell, 281 U.S. 14, 50 S.Ct. 200, 74 L.Ed. 670 (1930); see also In re Penn Central Transportation Co., 477 F.2d 841 (3rd Cir. 1973), aff’d, 414 U.S. 885, 94 S.Ct. 231, 38 L.Ed.2d 137 (1973).
We therefore find that the trial court erred in denying appellant’s claim based on appellant’s failure to satisfy the subject conditions precedent to suit. Accordingly, this cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.