CONSOLIDATED RAIL CORPORATION, Plaintiff,

v.

HUDSON CEMENT CORPORATION, a Division and/or Subsidiary of Colonial Sand & Stone Co., Inc., Defendant.

79 Civ. 6523 (KTD).

United States District Court, S. D. New York.

May 4, 1981.

Michael J. Siris, New York City, for plaintiff; Meyers, Tersigni, Kaufman, Debrot, Feldman & Gray, New York City, Jacques L. Debrot, New York City, of counsel.

Beck, Halberg & Williamson, New York City, for defendant; Herbert B. Halberg, New York City, of counsel.

MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff instituted this breach of contract action seeking to recover amounts al-

legedly due and owing from the defendant for delivery of 23 rail car shipments of coal to the defendant at Kingston, New York. Plaintiff now moves for summary judgment and to dismiss the defendant's affirmative defense which is based on a general release given to the defendant by the plaintiff. The defendant has cross-moved for summary judgment on the basis of the general release.

Since the plaintiff's motion for summary judgment presents such a myriad of factual questions, there is some question as to whether it was made in good faith. It is sufficient, however, merely to deny that motion and not reach such collateral determinations.

The question which is determinative of this case is purely a question of law: whether the general release voluntarily given to the defendant by plaintiff is valid and binding.

A bit of history is necessary for an understanding of the issue. All of the waybills on which the present action is based were issued between May and November, 1977, and total $18,646. At about the same time, the defendant apparently was disputing certain other charges totaling $81,675.62, allegedly due plaintiff. As a result of this latter dispute, plaintiff instituted an action in this court with the identical caption as this case and bearing the docket number 78 Civ. 1495 (MP) [hereinafter referred to as the "prior action"]. That action was settled at least by April 23, 1979, when Charles J. Drennan, Assistant Credit Manager—Legal Accounts, signed a general release on behalf of the plaintiff and in favor of the defendant. While it is unclear as to the exact amount paid by the defendant in settlement of the prior action, it is clear that it was substantially less than the amounts the plaintiff claimed were due under the applicable tariffs.

Charles J. Drennan now claims that at the time he signed the general release, neither he nor his department knew of the alleged charges which form the basis of the present complaint. There is no doubt that Consolidated Rail Corporation [hereinafter "Con Rail"] knew of these charges. There can be no dispute that Mr. Drennan should have at least inquired as to the possibility of the claims between the parties. There is no dispute that Mr. Drennan knew the effect of a general release.

Con Rail (and Mr. Drennan) also claim that the general release given in the prior action is void as against public policy.

The plaintiff argues:

> By express statutory mandate of the Interstate Commerce Act and almost a century of court decisions, plaintiff is obligated to collect freight charges in money and in full. No agreement between plaintiff and defendant, nor any mistake or even estoppel, could avoid defendant's liability for unpaid freight charges.

See Plaintiff's Memorandum p. 3. In support of this proposition, plaintiff has cited a raft of cases involving intentional rate discrimination. Those cases are wholly inapposite. None of the cases cited involves the validity of a general release as a means of terminating litigation before trial where no rate discrimination has occurred. The more compelling precedents are those which are not found among the reported cases wherein many settlements between common carriers and their customers have been approved by the courts over the years. The courts have long recognized that the Interstate Commerce Act does not stand in the way of judicial economy where the goal of avoiding rate discrimination is not violated. *See Chicago Northwestern Railway Co. v. O. N. Lindell,* 281 U.S. 14, 50 S.Ct. 200, 74 L.Ed. 670 (1930).

The prior action between the parties to the instant case was terminated by a judicially supervised settlement at less than "freight charges in money and in full." Are we to believe that the district judge approving the settlement violated the mandates of the Interstate Commerce Act? Are we to believe that Mr. Drennan and the others representing Con Rail intentionally conspired to mislead the court in order to breach the duties imposed on them by law?

If these representatives of Con Rail breached their duties, they were not alone. The waybills in question are C.O.D.; yet apparently no collection was made at time of delivery. There is no acknowledgement on the waybills or freight bills of receipt by the defendant of the coal which was allegedly delivered; yet some form of acknowledgement should have been obtained. The law provides that Con Rail may extend a maximum of four days of credit; yet here credit was extended for well over two years.

Con Rail is trying to use the Interstate Commerce Act as a means of covering up its own incompetence and perhaps intentional wrongdoing. I will not be part of such a gross distortion of the law.

Defendant's motion for summary judgment is granted. Settle judgment on five days' notice.