**CONSOLIDATED RAIL CORPORATION, Plaintiff,**

v.

**HUDSON CEMENT CORPORATION, a Division and/or Subsidiary of Colonial Sand & Stone Co., Inc., Defendant.**

No. 79 Civ. 6523 (KTD).

United States District Court, S. D. New York.

July 21, 1981.

Michael J. Siris, New York City, for plaintiff; Meyers, Tersigni, Kaufman, Debrot, Feldman & Gray, Jacques L. Debrot, New York City, of counsel.

Beck, Halberg & Williamson, New York City, for defendant; Herbert B. Halberg, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff brought this breach of contract action to recover freight charges allegedly due and owing by the defendant. On May 4, 1981, I denied plaintiff's motion for summary judgment and granted defendant's cross-motion on the basis of a general release given by the plaintiff to the defendant. 513 F.Supp. 910. Plaintiff now moves for reargument.

Plaintiff admits that it gave the defendant a general release in exchange for mon-

eys paid in settlement of claims raised in a prior discontinued action for unpaid freight charges and for certain other open bills not sued on in that action. Plaintiff's Memorandum at 6. Plaintiff, however, apparently believes that I upheld the general release only because I thought it had been given as a part of a judicially supervised settlement of the prior action. Plaintiff now argues that the general release was mistakenly given in a private transaction between the plaintiff and defendant and, thus, is no defense in an action to recover freight charges. I disagree.

■ Plaintiff does not claim that its agent did not know the effect of a general release, but rather that he was unaware of the freight charges sued for in this action at the time he executed the release. The nature of a general release, however, should have caused the agent to inquire further into the claims between the parties. His failure to do so does not render a general release invalid. Nor does the absence of court supervision of a general release affect its binding character. It is sufficient to say that when, as here, a general release is voluntarily given to the defendant by the plaintiff in exchange for legal consideration, it is valid and binding.

■ Plaintiff also argues that the general release is void by express statutory mandate of the Interstate Commerce Act ["ICA"]. The ICA, however, does not stand in the way of judicial economy where the goal of avoiding rate discrimination is not violated. *See Chicago Northwestern Railway Co. v. O. N. Lindell*, 281 U.S. 14, 50 S.Ct. 200, 74 L.Ed. 670 (1930). There is no evidence that this case involved rate discrimination and, thus, a private settlement via a general release is entirely appropriate.

Accordingly, after reviewing all the papers submitted in connection with this motion, I adhere to my original decision wherein plaintiff's motion for summary judgment was denied and defendant's cross-motion was granted.

SO ORDERED.