**In the Matter of LARRYMAR CORPORATION, Debtor.**

**LARRYMAR CORPORATION, Plaintiff,**

v.

**CLOROX CORPORATION and Lever Brothers, Defendants.**

Bankruptcy No. 84–03855.
Adv. No. 84–0427TS.

United States Bankruptcy Court,
D. New Jersey.

Feb. 21, 1986.

Eleuteri, Wilkins & Dyer, for debtor-in-possession by Lawrence A. Eleuteri, Sr., Mount Holly, N.J.

Riker, Danzig, Scherer & Hyland, for Lever Brothers by Merrill O'Brien, Morristown, N.J.

## OPINION

WILLIAM H. GINDIN, Bankruptcy Judge.

This matter comes before the Court on cross-motions for summary judgment (Bankr.R. 7056, F.R. Civ. P 56) requesting that the Court determine whether or not the creditor, Lever Brothers, is entitled to set off against a claim by the debtor in the total amount of $16,981.90 against the admitted claim of the debtor against Lever Brothers of $8,160.38. The facts have been stipulated as follows:

1. Plaintiff, Larrymar Corporation, owes defendant, Lever Brothers, 3,254 pallets which are worth $4.50 each, for a total amount of $14,643.00.

2. Plaintiff, Larrymar Corporation, owes defendant, Lever Brothers, freight damage claim in the amount of $2,338.90.

3. The total amount owed by plaintiff, Larrymar Corporation, to defendant, Lever Brothers, is $16,981.90.

4. Defendant, Lever Brothers, owes plaintiff, Larrymar Corporation, $8,160.38 in shipping charges.

5. The respective amounts owed by both parties were due and owing at least ninety (90) days prior to the filing of a voluntary petition by Larrymar Corporation on July 17, 1984.

6. The issue of Lever Brothers' right to offset its claim against Larrymar Corporation, against Larrymar Corporation's claim against Lever Brothers, shall be submitted to the Court by motion for summary judgment, along with this Stipulation.

7. It is understood that if the Court decides that Lever Brothers does not have the right to offset the obligation of Larrymar Corporation, then Lever Brothers' claim for $16,981.90 shall be an approved claim for purposes of distribution under Larrymar's reorganization plan and for the purposes of any liquidation that may take place.

8. It is also understood that if the Court determines that Lever Brothers does have the right to offset its claim against Larrymar Corporation, then the balance of Lever Brothers' claim, in the amount of $8,818.82 [1], shall be an approved claim against Larrymar Corporation for purposes of distribution under Larrymar's reorganization plan and for the purposes of any liquidation that may take place.

Setoff under the Bankruptcy Code is governed by the provisions of 11 U.S.C. § 553, which provides in part:

(a) Except as otherwise provided ... this title does not affect any right of any creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of this case ...

---

1. The amount in the stipulation appears incorrect $16,981.90 minus $8,160.38 equals $8,821.52. The parties, however, are bound by the stipulation.

The debtor urges that freight charges are not claims against which a setoff can be made. It relies for its authority upon the provisions of the Interstate Commerce Act. 49 U.S.C. § 10761 provides in part:

(a) except as provided in this subtitle, a carrier providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission ... shall provide that transportation or service only if a rate for the transportation or service is contained in a tariff that is in effect ... That carrier may not charge or receive a different compensation for that transportation or service than the rate specified in the tariff whether by returning a part of that rate to a person, giving a person a privilege, allowing the use of a facility that affects the value of the transportation or service, or another device.

The debtor-in-possession further relies upon *In the Matter of Penn Central Transportation Co.*, 339 F.Supp. 609 (E.D. Pa.1972). In that case, Judge Fullam specifically withheld permission to creditors to setoff claims against the debtor. The case is one which cannot be extended to support a general proposition. The court relied not upon a denial of the right to setoff, but rather upon the unique circumstances of a major reorganization case. Citing no law but rather relying upon equitable principles, the Court indicated that permitting the setoffs would "discriminate against the vast majority of shippers", significantly jeopardizing cash flow and "the current operating revenues" and undermine the "mature business judgment" of the trustee. 339 F.Supp. 608. Furthermore, the court did not make the determination for all time, but rather determined "setoffs should not be permitted at this time." 339 F.Supp. 608.

Thus, reliance by the debtor-in-possession in the instant case upon the *Penn Central* determination, is misplaced. The basic principle governing the allowance of

setoffs even in the case of an interstate carrier is well rooted in the law. The United States Supreme Court in *Chicago & N.W.R. Co. v. Lindell*, 281 U.S. 14, 50 S.Ct. 200, 74 L.Ed. 670 (1930) clearly determined that the fact that the purpose of the Act (referring to the earlier version of 49 U.S.C. § 10761, then denominated 49 U.S.C. § 6(7)) could not be used to defeat the "long established practice in respect to pleading unless the intention of Congress so to do is plain". 281 U.S. at 18, 50 S.Ct. at 201. The practice was permitted because it "serves to avoid circuity of action, inconvenience, expense, consumption of the court's time, and injustice." (citations omitted) 281 U.S. at 17, 50 S.Ct. at 201.

In a case arising under the Bankruptcy Act, but with a factual context similar to the instant case, the Bankruptcy Court held in *In Re Old Dominion Candies, Inc.*, 8 C.B.C. 483, 2 B.C.D. 547 (Bkrtcy.W.D.Va. 1976) that the use of setoff was the appropriate method of handling the claim.[2] Also similar is matter of *W. & A Bacon Co.*, 261 F. 109 (D.C.Mass.1919). The general law is set forth in *Collier* (4 *Collier on Bankruptcy* ¶ 553.04, p. 553–15 (15th ed. 198). It is clear that where there is a mutuality of obligation the use of setoff is not only permitted, but is appropriate.

The instant case carries with it no equities such as those set forth in *Penn Central*, which indicate a need to vary the basic philosophy of § 553. While those who feel that setoff should be denied contend that the very nature of the remedy creates a preference, the policy of the law is beyond question for the policy of Congress is to allow "mutual debts or mutual credits". House Rep. 95–595, 95th Cong., 1st Sess. 377 (1977).

Judgment shall be entered in favor of the defendant and its claim allowed and approved in the amount of $8,818.82. Counsel for the defendant shall submit an appropriate order.

---

**2.** It should be noted that the Old Dominion case arose under the Bankruptcy Act, but relied upon that portion of § 68 of the prior statute, which remains substantively unchanged in the Bankruptcy Code.

No answer having been filed on behalf of defendant Clorox, the attorney for the plaintiff shall submit an appropriate order with respect to default.