**DISTRIBUTION SERVICES, LTD.,**
**Plaintiff–Appellee,**

v.

**EDDIE PARKER INTERESTS, INC.,**
**d/b/a New Trends, Inc.,**
**Defendant–Appellant.**

No. 89–1421.

United States Court of Appeals,
Fifth Circuit.

April 6, 1990.

---

812

W. Robert Gray, Ralph C. Perry–Miller, Perry–Miller, Hawkins, Beasley & Hume, Dallas, Tex., for defendant-appellant.

R. Joseph Decker, Decker & Bebereia, Long Beach, Cal., for plaintiff-appellee.

Before CLARK, Chief Judge, THORNBERRY, and JONES, Circuit Judges.

THORNBERRY, Circuit Judge:

This appeal involves a counterclaim for cargo damages brought by way of a re-

coupment, which the district court dismissed as barred by the statute of limitations in the Carriage of Goods by Sea Act (COGSA), 46 U.S.C.A.App. § 1303(6). Finding that such an action is permitted under COGSA, we reverse.

*Facts And Procedural History*

On September 29, 1986, Distribution Services Ltd. (DSL) sued Eddie Parker Interests, Inc., now doing business as New Trends, Inc. (New Trends), for breach of contract for the carriage of certain goods from China to Texas. On December 12, 1986, New Trends counterclaimed for damage to the goods. DSL filed a motion to dismiss New Trends' counterclaim on the grounds that it was time barred. Section 3(6) of COGSA provides in pertinent part that:

> In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered....

The district court found that the limitations period began to toll on or about June 8, 1984, when New Trends first made demand upon DSL for damage to the goods.

New Trends contends that it can still assert its claim defensively by way of offset or recoupment, even though an affirmative action for cargo damages would be barred. The district court disagreed and held that section 3(6) bars such an action. New Trends brought this appeal.

*Discussion*

Recoupment is a defense that goes to the foundation of plaintiff's claim by deducting from plaintiff's recovery all just allowances or demands accruing to the defendant with respect to the same contract or transaction. *Pennsylvania R. Co. v. Miller,* 124 F.2d 160, 162 (5th Cir.1941), *cert. denied,* 316 U.S. 676, 62 S.Ct. 1047, 86 L.Ed. 1750 (1942). As a purely defensive procedure, it is available to defendant so long as plaintiff's claim survives—even though an affirmative action by defendant is barred by limitations. *Id.*

The few cases that have directly addressed recoupment in the context of COGSA have expressly held that where a carrier files suit against a shipper for breach of contract, a counterclaim for damages to cargo is not time barred even though it is asserted after COGSA's one year time period. *Shipping Corp. of India, Ltd. v. Pan Am. Seafood, Inc.*, 583 F.Supp. 1555, 1557 (S.D.N.Y.1984); *Puerto Madrin S.A. v. Esso Oil Co.*, 1962 A.M.C. 147, 171 (S.D.N.Y.1962); *accord* 2A A. Jenner, J. Loo & G. Raduazzo, *Benedict on Admiralty* § 163, at 16–9 (7th ed. 1989). The rationale is that because recoupment is in the nature of a defense, it is never barred by the statute of limitations so long as the plaintiff's main action itself is timely. *E.g., Bull v. United States*, 295 U.S. 247, 262, 55 S.Ct. 695, 700–01, 79 L.Ed. 1421 (1935); *Pennsylvania R. Co.*, 124 F.2d at 162; *Shipping Corp.*, 583 F.Supp. at 1557.

Turning first to the language of section 3(6) itself, we find that it does not preclude recoupment. In *United States v. Western Pac. R.R.*, 352 U.S. 59, 70–74, 77 S.Ct. 161, 168–70, 1 L.Ed.2d 126 (1956), which involved a suit by a carrier for overdue freight charges, the Supreme Court permitted the defendant to reduce the plaintiff's recovery to the extent that such freight charges were unreasonable under the Interstate Commerce Act. A suit for overdue freight charges had a six year limitations period, while a suit for unreasonable freight charges had a two year limitations period. *See* 42 U.S.C. § 16(3)(a) (repealed 1978). The Court recognized that although an affirmative action for recovery of unreasonable freight charges would presumably be barred since the counterclaim was filed after two years had elapsed, the limitations period could not be used to bar this action as a defense. The Court stressed that "*[o]nly the clearest congressional language* could force us to a result which would allow a carrier to recover unreasonable charges with impunity merely by waiting two years before filing suit." *Id.* at 71, 77 S.Ct. at 169 (emphasis added).

Like section 3(6) of COGSA, the language in section 16(3)(a) of the Interstate Commerce Act prohibited "all actions" unless brought within the limitations period. If this language did not evidence clear congressional intent under the Interstate Commerce Act, it cannot do so for COGSA.

However, DSL and the district court rely on a line of cases which state that section 3(6) extinguishes the "cause of action itself and not merely the remedy." *American Hoesch, Inc. v. Steamship Aubade*, 316 F.Supp. 1193, 1194 (D.S.C.1970); *M.V.M., Inc. v. St. Paul Fire & Marine Ins. Co.*, 156 F.Supp. 879, 883 (S.D.N.Y.1957), *rev'd on other grounds sub nom. St. Paul Fire & Marine Ins. Co. v. United States Line Co.*, 258 F.2d 374 (2d Cir.1958), *cert. denied*, 359 U.S. 910, 79 S.Ct. 587, 3 L.Ed.2d 574 (1959); *see also Bottom Line Imports v. Korea Shipping Corp.*, 181 N.J.Super. 172, 436 A.2d 978 (1981). Each of these cases in turn cite to *Midstate Horticultural Co. v. Pennsylvania R. Co.*, 320 U.S. 356, 361–64, 64 S.Ct. 128, 131–32, 88 L.Ed. 96 (1943), in which the Supreme Court stated that the limitations period in section 16(3)(a) of the Interstate Commerce Act bars not only the remedy, but destroys the basis for liability as well. DSL argues that since the recoupment action for cargo damages inheres in COGSA, the basis for liability is also extinguished once the limitations period expires.

First, none of the cases cited by DSL and the district court involve a defensive claim of recoupment. Rather, they each involve an affirmative action by a plaintiff, which is clearly barred. *See Midstate*, 320 U.S. at 361–64, 64 S.Ct. at 131–32 (barring plaintiff carrier's claim for additional freight charges pursuant to Interstate Commerce Act despite fact that agreement waived limitations period); *American Hoesch*, 316 F.Supp. at 1194 (barring plaintiff's COGSA claim for cargo damages); *M.V.M.*, 156 F.Supp. at 882–83 (barring plaintiff's and third party defendant's COGSA action for cargo damages against defendant shipper).[1]

---

1. Despite the fact that in *M.V.M.* the Southern District of New York stated that section 3(6) "extinguishes the cause of action itself, and not merely the remedy," its later decisions in *Shipping Corp.* and *Puerto Madrin* nevertheless recognized that defensive recoupment was still

In *Western Pacific,* the Supreme Court also distinguished *Midstate* and similar cases by noting that they

all dealt with affirmative claims for the recovery of transportation charges, and not with referrals incident to suits which were originally brought in time. The teaching of the Midstate case ... is that the running of the statute destroys the *right* to affirmative recovery as well as the remedy, so that the period of limitations cannot be waived by the parties. But here the [defendant-shipper] is not asserting a right to affirmative recovery. It is only seeking to have adjudicated questions raised by way of defense.

*Id.* at 72–73, 77 S.Ct. at 169–70.

Second, as the Court in *Western Pacific* recognized, the basic policy behind statutes of limitations has no relevance to recoupment actions.

The purpose of such statutes is to keep stale litigation out of the courts. They are aimed at lawsuits, not at the consideration of particular issues in lawsuits. Here the action was already in court and held to have been brought in time. To use the statutes of limitations to cut off the consideration of a particular defense in the case is quite foreign to the policy of preventing the commencement of stale litigation. We think it would be incongruous to hold that once a lawsuit is properly before the court, decision must be made without consideration of all issues in the case and without the benefit of all the applicable law. If this litigation is not stale, then no issue in it can be deemed stale.

*Id.* at 72, 77 S.Ct. at 169.

Third and finally, we reject DSL's contention that recognizing recoupment could lead to rate discrimination. Arguing that the underlying policy of COGSA is to discourage rate discrimination, DSL contends that the uniformity in the rates a carrier charges could be undermined if recoupment for damages were allowed. DSL cites some old cases holding that

in an action by a carrier for freight charges, a shipper cannot set off a claim

for injuries to the goods; for the freight can be paid only in cash, and such set-offs would open the door to fraud and discrimination.

*Johnson–Brown Co. v. Delaware, L. & W. R.R.,* 239 F. 590, 592 (S.D.Ga.1917); *Chicago & N.W. R.R. v. William S. Stein Co.,* 233 F. 716, 716 (D.Neb.1915).

First, neither of these cases involve statutes of limitations. Rather each involves whether a shipper can bring a counterclaim for cargo damages in an action initially brought by a carrier for freight charges. Second, in *Chicago & N.W. Ry. v. Lindell,* 281 U.S. 14, 16–18, 50 S.Ct. 200, 201, 74 L.Ed. 670 (1930), the Supreme Court rejected the approach of *Johnson–Brown* and *Stein* and held that the law prohibiting a carrier from refunding or remitting any portion of the rate does not prevent a shipper from filing a counterclaim for damages to the shipment. The Court noted that it was difficult to determine how the opportunity for collusion or fraud would be lessened by abolishing counterclaims when a separate action for cargo damages was permitted. *Id.* at 18, 50 S.Ct. at 201. Similarly, it is difficult to conceive in this case how the opportunity for collusion and discrimination would be lessened by abolishing recoupment when affirmative actions are permitted prior to the expiration of the limitations period.

### Conclusion

For the foregoing reasons, we hold that a defendant can assert a claim for cargo damages by way of a recoupment under COGSA, even though an affirmative action for damages would be barred. Therefore the case is REVERSED and REMANDED for further proceedings in accordance with this opinion.

available. The court presumably knew of the

existence of *M.V.M.*